STATE v. WILLIAM C. CARTER.

(Filed 9 May, 1951.)

**1. Criminal Law § 79—**

Exceptions not set out and not discussed in the brief are deemed abandoned.

**2. Criminal Law § 50a: Constitutional Law § 34a—**

Every person charged with crime is entitled to a trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.

**3. Criminal Law § 50d—**

The trial court must abstain from conduct or language which tends to discredit or prejudice the accused or his cause with the jury. G.S. 1-180.

**4. Same—**

Remarks of the trial judge will not be held for prejudicial error unless they deprive defendant of his right to a fair trial, considering the remarks in the light of the circumstances under which they were made, and a bare possibility that defendant may have suffered prejudice is not sufficient to overthrow an adverse verdict.

**5. Same: Criminal Law § 51—**

The trial judge has discretionary authority to prevent the repetition of questions already answered, and remarks of the court to accelerate the proceedings that the witness had already "answered that question" and later, to "ask the witness something else," will not be held for reversible error as prejudicing defendant.

**6. Criminal Law § 50d—**

In reply to a question as to his manner of driving on the occasion in question, defendant testified that he never drove or allowed his car to be driven at a high rate of speed. The court, upon objection by the solicitor for irrelevancy, directed defendant to "leave past history out." *Held:* The court's remark merely cautioned defendant to omit irrelevant matter, and cannot be held prejudicial.

7. Same—

Defendant's counsel asked him whether he was as normal at the time in question as he then was. The court's remark "let him say what his condition was" simply cautioned counsel to propound a correct interrogation in lieu of the leading question, and cannot be held prejudicial.

8. Same—

Where at the time of the question no evidence had been introduced that defendant was suffering from asthma on the occasion in question, his counsel's direction that defendant tell "how asthma affected you on this occasion" is objectionable as assuming the existence of a fact not shown by the testimony, and the court's interjection "if it affected him at all" will not be held prejudicial as disparaging defendant's testimony, since it merely advised counsel that the inquiry was not proper.

9. Same—

An order of the trial judge requiring defendant to reply to an unanswered question twice put to him by his counsel cannot be held prejudicial.

APPEAL by defendant from *Sink, J.,* and a jury, at the October Term, 1950, of RICHMOND.

Criminal prosecution for driving a motor vehicle upon a public highway while under the influence of intoxicating liquor. G.S. 20-138.

The cause was tried *de novo* in the Superior Court on the appeal of the defendant from the Richmond County Special Court.

The evidence for the prosecution made out this case: On 9 April, 1950, its witnesses, W. A. Allison and C. F. Watkins, State Highway Patrolmen, observed the defendant, William C. Carter, driving an automobile at a speed of 60 miles an hour and in a zigzag course along Route 74, a public highway in Richmond County. The Patrolmen forthwith apprehended the defendant, and discovered that he was intoxicated as the apparent consequence of drinking intoxicating liquor from a flask which he had on his person.

The defendant took the witness stand in his own behalf. He testified with positiveness that he was sober and did not possess any flask containing intoxicating liquor at the time of his arrest. He stated that he was then suffering from asthma.

The jury found the defendant guilty of the crime charged, and the trial judge sentenced him to imprisonment as a misdemeanant for six months. The defendant excepted and appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*

*Hugh A. Lee and Pittman & Webb for the defendant, appellant.*

ERVIN, J.  The rules regulating practice in the Supreme Court prescribe that "exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him."  Rule 28.  The defendant has thus relinquished all of his exceptions save those numbered 6, 7, 10, 11, 12, and 13.

These particular exceptions are addressed to comments or remarks made by the presiding judge in the presence of the jury during the progress of the trial.  The defendant asserts with much earnestness that the language of the judge disparaged his defense, created prejudice toward him in the minds of the jury, and deprived him of his right to a fair trial.

Every person charged with crime has an absolute right to a fair trial. By this it is meant that he is entitled to a trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.  See: *State v. Gossett*, 117 S.C. 76, 108 S.E. 290, 16 A.L.R. 1299.

The responsibility for enforcing this right necessarily rests upon the trial judge.  He should conduct himself with the utmost caution in order that the right of the accused to a fair trial may not be nullified by any act of his.

The trial judge occupies an exalted station.  Jurors entertain great respect for his opinion, and are easily influenced by any suggestion coming from him.  As a consequence, he must abstain from conduct or language which tends to discredit or prejudice the accused or his cause with the jury.  G.S. 1-180; *S. v. Simpson, ante,* 438, 64 S.E. 2d 568; *S. v. Bryant,* 189 N.C. 112, 126 S.E. 107.

The bare possibility, however, that an accused may have suffered prejudice from the conduct or language of the judge is not sufficient to overthrow an adverse verdict.  *S. v. Jones,* 67 N.C. 285.  The criterion for determining whether or not the trial judge deprived an accused of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect of the language upon the jury.  *S. v. Ownby,* 146 N.C. 677, 61 S.E. 630.  In applying this test, the utterance of the judge is to be considered in the light of the circumstances under which it was made.  This is so because "a word is not a crystal, transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."  *Towne v. Eisner,* 245 U.S. 418, 38 S. Ct. 158, 62 L. Ed. 372.

When the comments and remarks of the trial judge in the instant case are tested in this way, they do not merit the criticism which has been visited upon them.

Exceptions 6 and 7 relate to remarks made by the judge while counsel for the defense was cross-examining the State's witness, C. F. Watkins.

When counsel asked the witness whether the defendant's automobile passed the patrol car at a place "where a man had a right to pass," the judge informed counsel that the witness had already "answered that question"; and when counsel asked the witness whether he had an opinion as to the defendant's condition at the time of his arrest, the judge suggested to counsel that he "ask the witness something else." Counsel had previously cross-examined the witness as to the matters covered by these questions, and the remarks under scrutiny merely manifested to counsel the desire of the judge that counsel should forego unnecessary repetitions. The judge presiding at a trial has discretionary authority to prevent the repetition of questions already answered. *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Stone,* 226 N.C. 97, 36 S.E. 2d 704; *S. v. Mansell,* 192 N.C. 20, 133 S.E. 190; *S. v. Robertson,* 86 N.C. 628. "The judge is charged with the duty of having the trial properly conducted. He should take care that the time of the court is not wasted. Courts are very expensive. While a judge should see that matters are not so hurried that any litigant is abridged of his rights, he should also see that the public time is not uselessly consumed. He is not a mere moderator, but the court itself, and owes duties to the public as well as to litigants." *McPhail v. Johnson,* 115 N.C. 298, 20 S.E. 373.

Exception 10 covers a comment made by the judge during the direct examination of the defendant. When counsel for the defense instructed his client to describe the manner in which he drove his automobile at the time named in the warrant, the defendant stated: "I drove my car like I always do. I never drive at a high rate of speed. I do not allow my car to be driven at a high rate of speed." The Solicitor objected to the response for irrelevancy, and the judge directed the defendant to "leave past history out." While the judge might well have couched his ruling in language more formal and tactful, this remark did not abridge any right of the defendant. It merely undertook to admonish him to omit irrelevant matter, *i.e.,* testimony as to the way in which he drove his automobile on occasions other than that specified in the warrant. *Curtis v. State,* 48 Ga. App. 135, 172 S.E. 99.

Exceptions 11 and 12 challenge utterances made by the judge during the re-direct examination of the accused. Counsel for the defense asked his client this question: "Were you as normal as you are now?" The inquiry was clearly objectionable as leading, and the judge made this remark to counsel: "Let him say what his condition was." While the case on appeal is not altogether clear on the point, it intimates that this statement was evoked by an objection interposed by the Solicitor. Be that as it may, the remark was certainly not prejudicial to defendant, for it simply cautioned his counsel to propound to him an interrogation correct in form in lieu of the incompetent inquiry. The defendant was

then directed by his counsel to "tell his Honor and the jury how asthma affected you on this occasion," and the judge interjected this utterance: "If it affected him at all." This remark is not reasonably susceptible of the construction which the defendant undertakes to put upon it, *i.e.,* that it disparaged the testimony of the defendant as to how he was affected by asthma on the occasion named in the warrant. No such evidence had been given by the defendant or any other witness at the time the inquiry was propounded and the statement was made. For this reason, the question was plainly objectionable in that it assumed the existence of a fact not shown by testimony, and the remark of the judge merely advised counsel for the defendant that the inquiry was improper in that respect. *Carson v. Insurance Co.,* 171 N.C. 135, 88 S.E. 145; *Nelson v. Hunter,* 140 N.C. 598, 53 S.E. 439.

Exception 13 is palpably untenable. It is addressed to an order of the judge requiring the defendant to reply to an unanswered question twice put to him by his own counsel.

For the reasons given, there is in law

No error.