STATE OF NORTH CAROLINA v. ROBERT COX AND EARL COX

No. 6911SC277

(Filed 27 August 1969)

**1. Criminal Law § 88;   Witnesses § 8—   repetitious questions — duty of trial judge**

It is the duty of the trial judge to protect a witness from repetitious questions, and he may order a witness to stand aside if counsel disregards repeated warnings to refrain from repetitious and irrelevant questions.

**2. Criminal Law § 88;   Witnesses § 8—   colors worn by counsel — exclusion of repetitious cross-examination**

In this prosecution for kidnapping, the trial court properly sustained the solicitor's objection to a question asked the prosecutrix by defense counsel, while the prosecutrix stood facing the wall, as to what color tie counsel was wearing, where counsel had already been permitted to ask prosecutrix numerous questions concerning colors worn by the two defense attorneys and the solicitor at the trial in an attempt to impeach her ability to recall the color of shirt worn by defendant.

STATE *v.* COX

**3. Constitutional Law § 30— right to trial before impartial judge and jury**

Every person charged with crime has an absolute right to a fair trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.

**4. Criminal Law § 99— expression of opinion by trial court**

The trial judge is expressly forbidden to convey to the jury in any manner at any stage of the trial his opinion as to whether a fact is fully or sufficiently proven. G.S. 1-180.

**5. Criminal Law § 99— applicability of G.S. 1-180**

G.S. 1-180 does not apply to the charge alone, but prohibits a trial judge from asking questions or making comments at any time during the trial which amount to an expression of opinion as to what has or has not been shown by the testimony of a witness.

**6. Criminal Law §§ 99, 170— comments by trial court — criterion for determining prejudice**

The criterion for determining whether the trial judge deprived an accused of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect upon the jury, and in applying this test, the utterance of the judge is to be considered in the light of the circumstances under which it was made.

**7. Criminal Law § 99— comments by trial court during colloquy with defense counsel**

In this prosecution for kidnapping wherein defense counsel questioned the prosecutrix at length about the color of shirts being worn by the solicitor and defense attorneys while the prosecutrix stood facing the wall, comments by the trial court during a lengthy colloquy with defense counsel in the presence of the jury which reflected the court's impatience with defense counsel's reluctance to abide by the court's ruling which sustained an objection to a question as to what color tie counsel was wearing, *are held* not to constitute an expression of opinion on the evidence or the credibility of the witness, although such exchange should have taken place, if at all, outside the presence of the jury.

**8. Criminal Law §§ 99, 170— comment by court in ruling on admission of evidence**

A remark by the court in admitting or excluding evidence is not prejudicial when it amounts to no more than a ruling on the question or where it is made to expedite the trial.

**9. Criminal Law § 99— request by court that defendants be identified by their counsel**

In this prosecution for kidnapping, defendants were not prejudiced by fact that on two occasions during the trial the court asked that defendants be identified by their counsel after having been pointed out in open court by the prosecutrix.

**10. Criminal Law § 99— questions by court — clarification of testimony**

In this prosecution for kidnapping, questions asked of witnesses by the

court during the trial were for purposes of clarification and did not amount to an expression of opinion by the court.

APPEAL by defendants from *Bowman, J.,* 17 April 1969 Criminal Session of JOHNSTON Superior Court.

Defendants were charged in separate bills of indictment with having kidnapped one Alice Pollard on 3 August 1968. The cases were consolidated for trial without objection and both defendants pleaded not guilty.

The only evidence was that offered by the State, which tended to show: During the pre-dawn hours of 3 August 1968, Mrs. Alice Pollard was assisting her young son with a newspaper route in Selma, N. C. While riding her bicycle alone and delivering newspapers along Sharpe Street, she noticed a car following behind her at a slow rate of speed. The car passed her and in order not to follow in the same direction she made a left turn onto Railroad Street. When she had gone about a block and a half, the car again approached from the rear, this time at a "fast rate of speed," and it pulled up beside her and stopped. It was being driven by the defendant Robert Cox. The defendant Earl Cox "jumped" from the car, "snatched" Mrs. Pollard from her bicycle and physically forced her into the rear seat of the car. As Earl Cox got out of the car Mrs. Pollard reached for a .25 automatic pistol which she carried on top of her newspapers in the basket of the bicycle. As she was being shoved into the car she fired the pistol. One pellet struck Earl Cox in the nose but apparently did not injure him seriously. Another shattered the left rear car window. Robert Cox reached into the rear seat and choked Mrs. Pollard until she released the pistol. While Robert Cox drove the car Earl Cox remained in the back seat holding Mrs. Pollard down as she cried and struggled to free herself. He told her they wanted to have sexual relations with her and bit her on the right side of her face and chin. Robert Cox stopped the car after having driven about a mile. When the car stopped, Mrs. Pollard managed to pull herself free, grab the door handle and jump from the car. She was followed by Robert Cox who threw her to the ground and proceeded to beat her until Earl Cox called him, at which time he returned to the car. Mrs. Pollard ran away from the car, went to a nearby house for help, and immediately sought medical attention at the Johnston County Memorial Hospital.

Mrs. Pollard described her assailants and the car they were driving to the police chief of Zebulon. She also furnished a description and color of Earl Cox's shirt.

A car was located corresponding to the description given by Mrs. Pollard. The left rear window was shattered and on and about the rear seat various items were found and were identified by Mrs. Pollard. These included the holster in which she kept her pistol, a hair piece she had been wearing, her scarf, and a charm with her name on it. Robert Cox was shown to have been in possession of the car on the date when the assault occurred. Mrs. Pollard had never seen the defendants before the date of the assault but she identified them at the trial as her assailants.

The jury found each defendant guilty of kidnapping as charged in the bills of indictment and from sentences imposed the defendants appealed.

*Attorney General Robert Morgan and Staff Attorney Sidney S. Eagles, Jr., for the State.*

*T. Yates Dobson for defendant appellant Robert Cox.*

*Albert A. Corbett for defendant appellant Earl Cox.*

PARKER, J.

The defendants' assignments of error relate solely to the question of whether the trial judge violated his duty under G.S. 1-180 and expressed an opinion on the evidence through certain comments and questioning of witnesses during the trial.

On cross-examination of the prosecuting witness, Mrs. Pollard, the attorney for the defendant Earl Cox requested the witness to stand and face the wall. He then proceeded to cross-examine her at length about the color of shirts being worn by the solicitor and defense attorneys. After she had given her opinion about this the following transpired:

"Q.  Mrs. Pollard, what color necktie do I have on?

Objection by Solicitor Taylor.

COURT:  Objection sustained. I don't even know that.

ATTORNEY CORBETT:  Now, if your Honor pleases.

COURT:  All right. She is supposed to look at your face while you are talking to her, so am I. Now that I look at your necktie, I can't tell whether it is black or blue, but it looks like it has some type of diagonal stripes across it and I can't tell whether that is gold or yellow. Now, maybe I need glasses, I don't know. I wear glasses, but I think we are getting just a —

it is a little bit in the realm of what might be considered frivolous cross examination —

ATTORNEY CORBETT:   — now, if your Honor please —

COURT:   — I will let you proceed in any manner you wish as to what happened on this particular occasion and you may continue to do so as far as to anything that she might remember about the clothes or anything else regarding the description of her attackers, but as to point out people here in the courtroom and start asking questions of that sort, sir, I am not going to permit any more of it. Now, you may have an objection.

\*      \*      \*      \*      \*

ATTORNEY CORBETT:   If your Honor pleases, one of the main defenses in this case —

COURT:   — all right. I don't want you to start making a speech here in front of this jury. Now, if you got anything you want to say, then you better let me let the jury go out —

ATTORNEY CORBETT:   — is the question of identity and I submit —

COURT:   — yes I know, but they are not identifying you and they are not identifying the solicitor and they are not identifying Mr. Dobson. The identity as far — is the identities concerns the defendants here on trial, not you three gentlemen.

ATTORNEY CORBETT:   Your Honor, I submit that it goes to her ability to identify a person in the nighttime . . .

COURT:   All right —

ATTORNEY CORBETT:   — and that I should be permitted to ask further questions about it, but I will abide by the court —

COURT:   Well, how many more questions do you intend to ask along these lines? I have already told you you could ask any questions you wish to ask about identification of these two defendants, but I see no need of having her identify the solicitor and what he happens to be wearing, you and the color of your tie or the color of your eyes or any of the rest of questions of that nature. I am looking at you right now, and I can't tell what the color of your eyes are.

ATTORNEY CORBETT:   Well, sir; I haven't asked the witness about the color of the defendant's eyes or mine either.

COURT:   I know, but you asked her about the color of your tie and the color of your shirt. Let's draw this to a conclusion as soon as possible please."

**[1, 2]** The trial judge is responsible for the orderly conduct of a trial. It is his duty to protect a witness from repetitious questions and he may even order a witness to stand aside if counsel disregards repeated warnings to refrain from repetitious and irrelevant questions. *McPhail v. Johnson,* 115 N.C. 298, 20 S.E. 373. Here counsel had been permitted broad latitude in his cross-examination of the prosecuting witness. The extremes he went to in an effort to impeach her ability to recall the color of his client's shirt was unreasonable and the judge properly sustained an objection to it. Even so the colloquy that followed between the judge and counsel would best have been engaged in, if at all, outside the presence of the jury.

**[3-6]** Every person charged with crime has an absolute right to a fair trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm. *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481. To accord this right the trial judge must abstain from conduct or language which tends to discredit or prejudice the accused or his cause with the jury. He is expressly forbidden to convey to the jury, in any manner, at any stage of the trial, his opinion as to whether a fact is fully or sufficiently proven. G.S. 1-180. Our Supreme Court has said many times that G.S. 1-180 does not apply to the charge alone, but prohibits a trial judge from asking questions or making comments at any time during the trial which amount to an expression of opinion as to what has or has not been shown by the testimony of a witness. *Galloway v. Lawrence,* 266 N.C. 250, 145 S.E. 2d 861, and cases cited therein. The criterion for determining whether the trial judge deprived an accused of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect upon the jury. In applying this test, the utterance of the judge is to be considered in the light of the circumstances under which it was made. *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9.

**[7]** While we do not approve of the exchange that occurred between the court and counsel, we are of the opinion that under the circumstances it was not prejudicial to the defendants. The comments of the trial judge were directed to a matter of procedure in the conduct of the trial and do not leave the impression that he was expressing an opinion on the evidence or the credibility of the witness. It must be remembered that the trial judge had already permitted numerous questions concerning colors worn by the two defense attorneys and the solicitor at the trial and there had to be reasonable limits placed on such lines of questioning. The challenged comments at most reflect the court's impatience with counsel's reluctance to abide by his ruling.

**[8]**    It has been held that a remark by the court in admitting or excluding evidence is not prejudicial when it amounts to no more than a ruling on the question or where it is made to expedite the trial. *State v. Hooks*, 228 N.C. 689, 47 S.E. 2d 234; 2 Strong, N.C. Index 2d, Criminal Law, § 99. Admonitions of the court to counsel upon improper questioning of witnesses has repeatedly been held not prejudicial. *State v. Davis*, 266 N.C. 633, 146 S.E. 2d 646; *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769; *State v. Davis*, 253 N.C. 86, 116 S.E. 2d 365; *State v. Carter, supra.*

**[9]**    On two occasions during the trial the court asked that the defendants be identified by their counsel after having been pointed out in open court by the prosecuting witness. This was for purposes of the record and it has not been shown where any prejudice resulted to either defendant from this action.

**[10]**    The defendants' remaining exceptions are to various questions asked of witnesses by the court during the course of the trial. We have carefully reviewed these exceptions and are of the opinion that the questions in each instance were for purposes of clarification and did not amount to an expression of opinion by the court. The assignment of error embracing these exceptions is overruled. *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376; *State v. Carter, supra.*

A review of the entire record discloses that both defendants have had a fair trial free of any prejudicial error.

No error.

MALLARD, C.J., and BRITT, J., concur.