### EDGAR E. WORRELL v. HENNIS CREDIT UNION

#### No. 7121DC408

#### (Filed 25 August 1971)

1. **Rules of Civil Procedure § 50— motion for directed verdict — statement of specific grounds**

    Statutory provision that specific grounds shall be stated in a motion for directed verdict is mandatory. G.S. 1A-1, Rule 50(a).

2. **Rules of Civil Procedure § 50— motion for directed verdict — reason advanced in trial court — different reason advanced on appeal**

    Defendant was not entitled to a directed verdict for the reason stated to the trial court, that plaintiff had failed to show "any damage," and the Court of Appeals will not consider a different reason than that advanced in the trial court.

3. **Rules of Civil Procedure § 51; Trial § 10— expression of opinion by trial court**

    The trial judge is expressly forbidden to convey to the jury in any manner at any stage of the trial his opinion as to whether a fact is fully or sufficiently proven. G.S. 1-180; G.S. 1A-1, Rule 51(a).

4. **Rules of Civil Procedure § 51; Trial § 10— comments by trial judge — denial of fair trial**

    The criterion for determining whether the trial judge deprived a litigant of his right to a fair trial by improper comments in the hearing of the jury is the probable effect upon the jury.

5. **Rules of Civil Procedure § 51; Trial § 10— expression of opinion — sustaining of court's own objections**

    The trial judge expressed an opinion in violation of G.S. 1A-1, Rule 51(a), when he sustained his own objections to ten questions

---

**Worrell v. Credit Union**

---

posed by defendant's counsel to a defense witness, sustained his own objection to a question asked by defendant's counsel on cross-examination of plaintiff, and on his own motion struck certain testimony introduced by defendant.

**6. Rules of Civil Procedure § 51; Trial § 10— expression of opinion — unequal stress to plaintiff's contentions**

Trial court expressed an opinion in violation of G.S. 1A-1, Rule 51(a), by giving unequal stress to the contentions of the plaintiff.

APPEAL by defendant from *Henderson, District Judge,* 16 February 1971 Session of FORSYTH District Court.

Plaintiff brought this action to recover $453.60 which he contends defendant wrongfully charged to and collected from plaintiff.

The undisputed facts are summarized as follows: In February 1967 plaintiff, an employee of Hennis Freight Lines, financed a new automobile with defendant. The installment loan was payable over a period of 30 months and was secured by a chattel mortgage which contained a provision that plaintiff would keep the automobile insured against loss, damage or destruction due to fire, theft, and collision, the insurance policy to contain a loss payable clause in favor of defendant and the policy to be delivered to defendant; should plaintiff fail to procure insurance in accordance with these provisions, defendant was authorized to procure such insurance at plaintiff's expense. The company from whom plaintiff obtained insurance initially, notified plaintiff and defendant early in August 1967 that plaintiff's policy would expire on 24 August 1967.

Plaintiff offered evidence tending to show that immediately thereafter he obtained required insurance from Liberty Mutual Insurance Company and that a certificate of insurance was issued by Liberty Mutual on 17 August 1967 showing coverage from 24 August 1967 until 24 August 1970; that said insurance with Liberty Mutual was effective for three years and plaintiff paid the premiums thereon.

Defendant offered evidence tending to show: On 8 August 1967 it sent plaintiff a letter advising receipt of cancellation notice that plaintiff's insurance would expire on 24 August 1967; that defendant would have to have written proof of coverage prior to 24 August 1967 and if plaintiff failed to provide this coverage, defendant, at plaintiff's expense, would obtain cover-

Worrell v. Credit Union

age for its interest only. Defendant received no policy or other written notice of coverage by 24 August 1967, therefore, it obtained insurance covering its interest and charged the cost thereof, $267.80, to plaintiff's account. In August 1968 defendant renewed for another year the coverage insuring its interest and charged plaintiff the cost thereof in amount of $189.00. Some two weeks after 24 August 1967 defendant received a certification of insurance from Liberty Mutual but could not cancel the single interest insurance policy defendant had taken out because insurance companies writing that type of insurance refuse to provide it for short intervals. Between 24 August 1967 and 24 August 1968, defendant received one or more cancellation notices from Liberty Mutual relating to the policy allegedly purchased by plaintiff.

Issues were submitted to and answered by the jury as follows:

1. Did the plaintiff procure and maintain insurance in accordance with the contract?

ANSWER: Yes.

2. If so, what amount, if any, is the plaintiff entitled to recover from the defendant?

ANSWER: $456.17

From judgment entered on the verdict, defendant appealed.

*White, Crumpler and Pfefferkorn by Michael J. Lewis for plaintiff appellee.*

*Roberts, Frye and Booth by Leslie G. Frye for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the denial of its motion for a directed verdict interposed at the conclusion of plaintiff's evidence. Defendant contends that plaintiff's evidence showed that plaintiff was obligated by the chattel mortgage to keep the automobile insured at all times with loss payable clause in favor of defendant, to deliver the policy to defendant, and upon failure to comply with said conditions defendant was authorized to procure insurance at plaintiff's expense; that plaintiff's evi-

dence showed that he did not deliver such policy to defendant, therefore, defendant properly obtained insurance at plaintiff's expense. The record reveals that at the conclusion of plaintiff's evidence, defendant's counsel moved for a directed verdict for the reason that plaintiff had not introduced any evidence of "any damage."

**[1, 2]**  G.S. 1A-1, Rule 50(a) provides that a motion for directed verdict shall state the specific grounds therefor. This provision of the rule is mandatory. *Wheeler v. Denton,* 9 N.C. App. 167, 175 S.E. 2d 769 (1970). We hold that defendant was not entitled to a directed verdict for the reason stated to the trial court; and the reason advanced in this court being different from that advanced in the trial court we refrain from passing upon it.

Defendant contends that the trial court committed error prejudicial to defendant by violating G.S. 1A-1, Rule 51(a), this rule being formerly covered by G.S. 1-180. Specifically, defendant contends that during the trial the judge expressed an opinion on the evidence and that in his charge he gave unequal stress to the contentions of the respective parties. The points are well taken.

The pertinent principle of law was discussed by us in the recent case of *State v. Lemmond* (No. 718SC445, filed 4 August 1971). Although *Lemmond* was a criminal case, we think the same principle applies to a civil action.

**[3]**  It is well settled in this jurisdiction that a trial judge is expressly forbidden to convey to the jury, in any manner, at any stage of the trial, his opinion as to whether a fact is fully or sufficiently proven. *State v. Cox,* 6 N.C. App. 18, 169 S.E. 2d 134 (1969) and cases therein cited.

**[4]**  The prohibition provided by G.S. 1-180 in criminal cases and Rule 51(a) in civil cases does not apply to the charge alone, but prohibits a trial judge from asking questions or making comments at any time during the trial which amount to an expression of an opinion as to what has or has not been shown by the testimony. *Galloway v. Lawrence,* 266 N.C. 245, 145 S.E. 2d 861 (1965). The trial judge must abstain from conduct or language which tends to discredit or prejudice a litigant or his cause with the jury. *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9 (1951). The criterion for determining whether the trial

**Worrell v. Credit Union**

judge deprived a litigant of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect upon the jury. *State v. Cox, supra.*

[5] The record in the instant case reveals that the trial judge sustained his own objection to some ten questions posed by defendant's counsel to his witness; that the trial judge sustained his own objection to a question asked by defendant's counsel on cross-examination of plaintiff; and that the trial judge on his own motion struck certain testimony introduced by defendant. The record reveals that the trial judge voiced no objection to any question asked or evidence offered by plaintiff's counsel.

As was said by us in *State v. Lemmond, supra,* we recognize the general rule that a trial court, in the exercise of its right to control and regulate the conduct of the trial, may, of its own motion, exclude or strike evidence which is wholly incompetent or inadmissible for any purpose, even though no objection is interposed to such evidence. *Greer v. Whittington,* 251 N.C. 630, 111 S.E. 2d 912 (1960). Nevertheless, the exercise of such right must be kept within proper bounds. We think this case is analogous to *State v. Frazier,* 278 N.C. 458, 180 S.E. 2d 128 (1971) where Justice Huskins, speaking for the Supreme Court said: "The content, tenor, and frequency of the remarks, and the persistence on the part of the trial judge portray an antagonistic attitude toward the defense and convey to the jury the impression of judicial leaning prohibited by G.S. 1-180. This requires a new trial."

[6] We also think the trial judge violated Rule 51(a) by giving unequal stress to the contentions of plaintiff. Quoting the record pertinent to this question would serve no useful purpose.

We refrain from discussing the other assignments of error brought forward and argued in defendant's brief as the alleged errors might not recur upon a retrial.

For the reasons stated, we order a

New trial.

Judges MORRIS and PARKER concur.