State v. Ray

STATE OF NORTH CAROLINA v. JOHNNY EUGENE RAY

No. 7126SC503

(Filed 17 November 1971)

1. **Burglary and Unlawful Breakings § 1— proof of intent to commit particular felony**

   When a burglary indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged and that the defendant intended to commit that offense in the house broken and entered.

2. **Burglary and Unlawful Breakings § 5— intent to steal — sufficiency of evidence**

   Evidence tending to show that at 3:00 a.m. defendant forced open a kitchen window and entered an apartment where he had no right to be, and that he walked around the apartment for at least five to ten minutes shining a flashlight and opened a desk drawer in the dining room, *held* sufficient for the jury to find that defendant entered the apartment with intent to commit larceny.

3. **Burglary and Unlawful Breakings § 6; Criminal Law § 115— instructions — indictment for burglary — trial for lesser offense**

   The trial court did not err in instructing the jury that defendant was charged in the indictment with first degree burglary but that the State had elected to try him only for the lesser included offense of felonious breaking and entering.

4. **Criminal Law § 145.1— probation — length of sentence**

   Provision of G.S. 15-200 that "the period of probation or suspension of sentence shall not exceed a period of five years" does not limit the length of a suspended sentence to five years but limits the period of time for which the sentence may be suspended.

APPEAL by defendant from *McLean, Judge,* 29 March 1971 Session of Superior Court held in MECKLENBURG County.

Defendant was charged in a bill of indictment with first degree burglary and in a warrant with carrying a concealed weapon. The cases were consolidated for trial. The State elected not to try defendant for first degree burglary but to seek a conviction under that bill of indictment for felonious breaking and entering.

The State's evidence tended to show: On 19 December 1970 Stephanie Wright Grant was living alone in a two-story duplex apartment in Charlotte and was sleeping in an upstairs bedroom. About 3:30 in the morning she was awakened by a noise. Mrs. Grant went to the top of the stairs to investigate

State v. Ray

and saw the shadow or figure of a man against the wall. She then returned to her bedroom and after securing the door called the telephone operator and requested that the police be notified. Two officers arrived within five to ten minutes. From the outside of the apartment they observed a figure moving around the living room with a flashlight. The officers called for assistance and then went to the back of the apartment where they arrested defendant as he was coming out of the back door. Defendant had a loaded pistol and a large hunting knife in his pockets.

The kitchen window, which had been locked when Mrs. Grant went to bed, was found open. Potted plants, shampoo and medicine that had been on the windowsill were found on the ground outside the window and fingerprints lifted from the windowsill were identified as defendant's fingerprints. A drawer in a desk in the dining room had been opened.

Defendant testified in his own behalf that while walking past the apartment earlier in the night he had stopped in some bushes to answer a call of nature. Later he discovered that his wallet was missing so he returned to the vicinity of the apartment to look for it. When he saw an automobile coming down the street with its lights off defendant became frightened and ran to the back of the apartment. When he saw the officers coming toward him he backed up close to the back doorway. Defendant denied that he had opened the kitchen window or entered the apartment.

The jury returned verdicts of guilty of felonious breaking and entering and carrying a concealed weapon. After the return of the verdicts defendant was served with a bill of particulars charging that he violated the terms of a probationary judgment which had been entered 5 February 1970 upon his plea of guilty to a charge of larceny of an automobile. The court conducted a hearing and entered an order finding facts and ordering defendant's probation revoked and the sentence which had been suspended in that judgment placed into effect. Judgment was then entered on the breaking and entering conviction sentencing defendant to an eight year prison term to commence at the expiration of the sentence placed into effect on the larceny charge. Prayer for judgment was continued for two years on the charge of carrying a concealed weapon.

*Attorney General Morgan by Assistant Attorney General Hafer and Associate Attorney Reed for the State.*

*Plumides & Plumides by Michael S. Shulimson for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error the denial of his motion for judgment of nonsuit made at the close of the State's evidence and renewed at the close of all of the evidence. This assignment of error is overruled.

[1, 2] Defendant contends that while the evidence was sufficient to show a breaking or entering, it failed to establish that defendant entered the apartment with the intent to commit larceny therein as charged in the bill of indictment. When an indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged, and that the defendant intended to commit that offense in the house broken and entered. 2 Strong, N.C. Index 2d, Burglary and Unlawful Breakings, § 1, p. 46. However, intent is seldom subject to being proved by direct evidence. "It must ordinarily be left to the jury to determine, from all the facts and circumstances, whether or not the ulterior criminal intent existed at the time of the breaking and entry." *State v. Allen,* 186 N.C. 302, 307, 119 S.E. 504, 506. The evidence here tended to show that at 3:00 a.m. defendant forced open a kitchen window and entered an apartment where he had no right to be. He walked around in the apartment for at least five to ten minutes shining his flashlight and opened a desk drawer in the dining room. This constitutes plenary evidence from which the jury could find that defendant entered the apartment with the intent to commit larceny.

[3] The court instructed the jury: "[T]he defendant, Johnny Ray, is charged in the bill of indictment with first degree burglary. . . . Included in this charge is the lesser charge of felonious breaking and entering. . . . The State has elected to place the defendant on trial for felonious breaking and entering and not upon the count of burglary in the first degree, so you will not consider that. You will consider whether or not the defendant be guilty of felonious breaking and entering, whether he be guilty of nonfelonious breaking and entering, or not guilty of either offense."

State v. Ray

The defendant contends that the above instructions constituted prejudicial error in that the court was in effect telling the jury that defendant had already been extended mercy by the State and the court and was deserving of no more. This argument is without merit. Defendant was being tried under a bill of indictment charging first degree burglary. The solicitor's election to try defendant on a lesser included offense amounted to a verdict of not guilty upon the specific offense charged in the bill of indictment and it was therefore important that the court instruct the jury that they consider only the lesser included offenses. See *State v. Allen*, 279 N.C. 115, 181 S.E. 2d 453; and *State v. Britt*, 270 N.C. 416, 154 S.E. 2d 519.

[4] Through his final assignment of error defendant contends the court erred in activating a previously imposed sentence for larceny of an automobile. The judgment in that case imposed a sentence of nine to ten years which was suspended for five years. Defendant contends that this sentence was contrary to the provision of G.S. 15-200 wherein it is stated "the period of probation or suspension of sentence shall not exceed a period of five years. . . . " Defendant interprets this provision as limiting the length of a suspended sentence to five years. The provision obviously has nothing to do with the length of a sentence that may be suspended but limits the period of time for which it may be suspended. Here the sentence was suspended for a period not in excess of five years and therefore was not contrary to the provisions of G.S. 15-200.

We have reviewed all assignments of error brought forward and conclude that defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.