STATE OF NORTH CAROLINA v. JOHN EDWARD FOWLER, JR.

No. 715SC514

(Filed 15 December 1971)

1. Criminal Law §§ 131, 158; Homicide § 32— record on appeal — conclusiveness as to matters omitted — new trial for newly discovered evidence

   The Court of Appeals could not consider two letters that were in defendant's brief but not in the record on appeal, which letters purported to impeach the State's chief witness by showing that the witness and his wife, who was the homicide victim, had not been married in Orangeburg, South Carolina; in any event, the letters would be irrelevant in a homicide prosecution and could not serve as the basis for a new trial, since the letters merely contradicted the witness' testimony that he and his wife were married in Orangeburg, South Carolina.

2. Criminal Law § 170— remarks of trial court to defendant — harmless error

   A statement made by the trial judge while defendant was answering a question on cross-examination, "Just answer yes or no. If you want to make a speech to the jury you can do that later . . . you or your attorney or both if you would like to," while disapproved, held not prejudicial to the defendant.

**3. Criminal Law § 115; Homicide § 30— instruction on lesser offenses**

The trial judge in a homicide prosecution twice instructed the jury that although the indictment charged murder in the first degree, the State had elected to try defendant for murder in the second degree, and that the charge of first degree murder was not to be considered. *Held:* The instructions were not prejudicial.

**4. Criminal Law § 113— recapitulation of defendant's testimony — evidence of "law violations"**

Defendant could not complain of the trial judge's recapitulation of his testimony that he had "various law violations" in the past, where defendant made no objection to such testimony at the time it was made.

APPEAL from *Parker, Judge,* 11 January 1971 Session of Superior Court held in NEW HANOVER County.

Defendant was brought to trial under separate bills of indictment, proper in form, charging him with the first degree murder of Martha Ann Allen and felonious assault upon Moses Allen. The State elected not to seek a conviction for the capital offense of murder, but to try defendant under that bill of indictment for murder in the second degree.

The cases were consolidated for trial and the State presented evidence tending to show the following: Moses Allen returned to his apartment from work at approximately 12:30 or 1:00 on the afternoon of 12 December 1970. His wife, Martha Ann Allen, defendant, and several other persons were there. Those present were drinking beer and wine. Approximately two hours later, defendant cut Martha Ann Allen with a knife and the knife wounds caused her death. Allen described the incident:

"Martha, myself, and John Fowler went into the rear bedroom. Martha Ann laid down on the bed, and I sat on the foot of the bed. We had a drink, and then John Fowler said that he was going to mess up Martha Ann, but first he had to get me. Then he struck me on the side of my face with a knife, and cut the left side of my face. Martha Ann moved from behind me, and John Fowler cut her throat.

Both Martha Ann and I were sitting on the bed when we were cut. But Martha Ann was coming off the bed when she was cut.

I went to the bathroom and washed my face, and Martha Ann came into the bathroom and fell on the floor. The

cut on my face required eighteen stitches, and I didn't see Martha Ann alive after that day. Neither Martha Ann nor I did anything to John Fowler to make him cut us."

Defendant testified that deceased took money from his pocketbook while he was taking a nap in another room. He testified that after finishing his nap, he went into the other bedroom and asked deceased for his money. "Moses got mad at me, asking me why I was accusing his wife of taking my money. Moses reached out and got a round instrument. I don't know if it was a pool stick or a broom handle, but he hit me with it. He hit me on my arm, I threw my arm up to knock the stick away, and I knocked him back on the bed and started out the door and Martha jumped up. I pushed her out of the door with my left hand and walked out into the hall when Charles Dowe met me there and we left the house together. . . . I did not kill Martha Ann. I hit Moses with my fist and pushed Martha away when I was trying to walk out of the door."

The jury returned verdicts of guilty and judgments were entered imposing active consecutive prison sentences. Defendant appealed to this Court.

*Attorney General Morgan by Assistant Attorney General Hudson for the State.*

*Charles E. Rice III for defendant appellant.*

GRAHAM, Judge.

[1]  On cross-examination defendant's counsel asked the State's witness, Moses Allen, "[w]hen and where were you and Martha Ann married?" The witness answered, "In Conway, South Carolina."

No objection or motion to strike this evidence was made and defendant offered no evidence to the contrary. Defendant now argues in his brief, however, that this statement constituted "perjured testimony" and that the court erred in permitting it. He attempts to support this argument with two letters included in his brief as exhibits. The first letter, purportedly from defendant to the Judge of Probate in Conway, South Carolina, states in pertinent part:

"Sir is it true or falst about a Marrage was Soppose to taken Place there Betwen the man Name Mases Allen

an Martha Ann Bath of Wilmington N. C. the year 1968. or 1969. Bath Nigroes Race Plase. May I here Froom you?"

The second letter purports to be the reply of the Probate Judge and it provides in pertinent part:

"We have checked our records from June, 1967 through June, 1970 and do not find where we have issued this Marriage License. If there is another date that we could check for you we will be glad to do so."

Needless to say, these letters are not a part of the record on appeal and cannot be considered. Moreover, even if the letters were properly incorporated in a motion for a new trial on the ground of newly discovered evidence, defendant would be entitled to no relief. The fact that the parties may not have been married in Conway, South Carolina, as stated by the witness, would be immaterial and irrelevant in this prosecution for murder. Furthermore, a new trial will not be awarded where, as here, the newly discovered evidence does nothing more than tend to contradict, discredit or impeach a former witness, or where it fails to show that upon a new trial a different result would probably be reached. *State v. Casey,* 201 N.C. 620, 161 S.E. 81.

[2] In his second assignment of error, defendant challenges a statement made by the trial judge while defendant was answering a question asked on cross-examination. The court stated:

"Just answer yes or no. If you want to make a speech to the jury you can do that later. You just answer his question. You can make your speech later if you want to. You or your attorney or both if you would like to."

The judge's statement came during an unresponsive answer in which defendant appears to have started expounding at length as to why he was telling the truth. While we do not approve of the language used by the trial judge, we feel that under the circumstances his interruption of defendant's testimony was a proper exercise of his discretionary power to supervise the trial and that no prejudice resulted to defendant. A remark by the court is ordinarily held not prejudicial when it amounts to no more than a ruling on a question or where it is made to ex-

pedite the trial. *State v. Hooks,* 228 N.C. 689, 47 S.E. 2d 234; *State v. Cox,* 6 N.C. App. 18, 169 S.E. 2d 134.

[3] In his charge the trial judge twice reminded the jury that although the bill of indictment charged murder in the first degree, the State had elected to try defendant for murder in the second degree, and that the charge of first degree murder was not to be considered. Defendant assigns this as error, contending that it amounted to a comment on the evidence to his prejudice. This assignment of error is overruled. See *State v. Ray,* 12 N.C. App. 646, 184 S.E. 2d 391.

[4] Finally, defendant assigns as error the judge's recapitulation of his testimony, which included defendant's statement that he had "various law violations" in the past. There is no contention that the judge did not correctly recall this portion of defendant's testimony or that defendant's testimony was misstated by the court in any way. Rather, defendant contends that it was incompetent evidence and should not have been repeated by the court. Suffice to say, the proper manner to have raised this question would have been through an objection at the time defendant testified. No objection to any of defendant's testimony appears in the record.

We have reviewed the entire record and find that defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.