Henderson v. Matthews and Rogers v. Henderson and Newkirk v. Henderson and Lanier v. Henderson

MARION HENDERSON v. LUCILLE MATTHEWS

BERTHLAND ROGERS v. MARION HENDERSON AND LUCILLE MATTHEWS

MARGIE RUTH NEWKIRK v. MARION HENDERSON AND LUCILLE MATTHEWS

KATIE MAE MATTHEWS LANIER v. MARION HENDERSON AND LUCILLE MATTHEWS

No. 754DC202

(Filed 18 June 1975)

**Trial § 36; Rules of Civil Procedure § 51— expression of opinion in instructions**

> In an action arising out of an automobile accident wherein defendant driver's version of the accident was corroborated at trial by the passengers in her automobile but it was shown that one of the passengers had given a different version in a deposition, the trial court expressed an opinion on the evidence in instructing the jury that there was "some discrepancy" in connection with the testimony of defendant and the passengers in her car. G.S. 1A-1, Rule 51(a).

APPEAL by defendant Lucille Matthews from *Crumpler, Judge.* Judgment entered 18 October 1974 in District Court, DUPLIN County. Heard in the Court of Appeals 8 May 1975.

These four actions, consolidated for trial, are based on claims arising from an automobile collision which occurred on 23 December 1970 at about 6:30 p.m. on Rural Paved Road 1827. The collision involved a 1963 Ford automobile being driven by Marion Henderson in an easterly direction and a 1967 Rambler being driven by Lucille Matthews in a westerly direction. Berthland Rogers, Margie Ruth Newkirk and Katie Mae Matthews Lanier were passengers in the Matthews automobile.

One of the suits was brought by Marion Henderson against Lucille Matthews for personal injury and property damage; Lucille Matthews denied negligence and alleged contributory negligence. The other three suits were brought by the three passengers in the Matthews car against Lucille Matthews and Marion Henderson jointly. Both denied negligence and alleged sole liability in the other codefendant.

At the point of the collision, Rural Paved Road 1827 is perfectly straight and flat. Marion Henderson's version of the

events surrounding the accident was that he was operating his car on the rural paved road at about 45 to 50 miles per hour when he first observed the Matthews vehicle backing out of a driveway from the left-hand side of the road. His lights were on low beam and when he saw the vehicle, it was sitting in his lane of travel approximately 150 feet away, but it was too close to stop, so the collision occurred.

Lucille Matthew's version was that she was operating her vehicle in a westerly direction after having turned onto the road from an intersecting road; that she was traveling about 20 miles per hour on her side of the road when she observed the Henderson vehicle coming from the opposite direction; that said vehicle was in the middle of the road with its bright lights on and appeared to be moving over toward her side; and that when she pulled her vehicle over onto the right shoulder the Henderson vehicle collided with hers. The three passengers in her car testified in corroboration of Matthew's version.

Counsel for Marion Henderson sought to impeach plaintiff Newkirk by alleged prior inconsistent statements made in a deposition. Her testimony at trial was basically that she was confused at the deposition hearing concerning the roads and events which took place leading up to the accident; that her testimony that Lucille Matthews had backed out onto the road on which the accident occurred was in error; and that the road she was actually referring to was another road altogether.

The jury answered the negligence issue in favor of Marion Henderson both as plaintiff in his case against Lucille Matthews and as defendant in the cases by the three passengers, finding against Lucille Matthews on all issues with all parties. From judgments awarding personal injury and property damages to Marion Henderson and awarding damages for personal injury to the third-party plaintiffs, defendant Lucille Matthews appealed.

*Crossley & Johnson, by Robert White Johnson, for plaintiff-defendant Henderson.*

*E. C. Thompson III for the third-party plaintiffs.*

*Johnson & Johnson, by Rivers D. Johnson, Jr., for defendant Lucille Matthews.*

CLARK, Judge.

In the charge to the jury, the trial court instructed as follows:

> "Now in connection with the testimony of Mrs. Matthews and the passengers in her car there was *some discrepancy* there, seemingly brought out on cross examination by one of the attorneys for Mr. Henderson referring back to a deposition she had made in April of this year, in which she testified that they were backing out of a driveway. In explanation of her contradictory testimony she testified that she was not familiar with the location of this accident, and at the time she gave this deposition back in April."

Whether the instruction constituted prejudicial error must be answered by determining its probable effect upon the jury. *Worrell v. Credit Union*, 12 N.C. App. 275, 182 S.E. 2d 874 (1971). As the evidence in the case revealed, the jury was basically presented with two different versions of how the accident occurred, one being that of Marion Henderson and the other that of Lucille Matthews, which was corroborated by the passengers in her car. And, as the evidence disclosed, the answers to the issues depended on which version the jury chose to believe. Only one of the passengers, Margie Ruth Newkirk, ever had a different story, that being revealed in a deposition taken prior to trial. Whether or not Newkirk's credibility had been impaired by this evidence and the manner by which conflicts in such evidence were to be resolved remained exclusively with the jury. See *Atkins v. Moye*, 277 N.C. 179, 176 S.E. 2d 789 (1970), and *Worrell v. Credit Union, supra.* "The court in its charge may not intimate or express an opinion as to the facts, the weight of the evidence, or the credibility of the witnesses, either directly or indirectly, in any manner, and if the judge does intimate or express such an opinion, it is prejudicial." *Belk v. Schweizer*, 268 N.C. 50, 54, 149 S.E. 2d 565, 568 (1966).

As the above instructions reveal, not only did the trial judge effectively express an opinion as to the credibility of the plaintiff Newkirk, but he cast considerable doubt upon the defendant Matthews's entire version of the accident. The clear import of the instruction was in fact to impeach Matthews and not Newkirk. Under these circumstances where the issues of negligence and liability depended entirely upon questions of credi-

bility and the resolution of conflicts in the evidence, it is our opinion that the challenged portion of the instructions had the probable effect of influencing the jury to resolve those questions against the defendant Matthews which is in clear violation of G.S. 1A-1, Rule 51(a).

For this error in the charge, among others, the judgments must be vacated, the verdicts set aside, and new trials ordered.

New trial.

Judges MARTIN and ARNOLD concur.