PEARL SAINTSING, INDIVIDUALLY: AND PEARL SAINTSING, ADMINISTRATOR OF THE ESTATE OF GLADYS SAINTSING v. NORMAN E. TAYLOR AND EVELYN L. TAYLOR

No. 8119SC979

(Filed 1 June 1982)

1. **Attorneys at Law § 5— attorney's prior representation of one defendant—refusal of court to remove attorney**

    The trial court did not err in failing to remove plaintiffs' attorney because he had previously represented the feme defendant in a divorce action against the male defendant where plaintiffs knew of the attorney's previous representation of the feme defendant and plaintiffs and the feme defendant agreed to the attorney's representation of plaintiffs in this action.

2. **Rules of Civil Procedure § 15.1— amendment of complaint—short time for response to amendment**

    The trial court did not abuse its discretion in permitting plaintiffs to amend their complaint and in refusing to allow defendant thirty days to respond to the amended complaint where defendant did not assert that he was in any way prejudiced because of the amendment or the short time for response. G.S. 1A-1, Rule 15(a).

**3. Criminal Law § 99.4— court's remark in ruling on objection—no expression of opinion**

The trial judge did not express an opinion on the evidence when, in ruling on an objection to a question asked of plaintiffs' witness, he stated, "You're going to object to every question, aren't you?" where defense counsel objected 42 times during the direct examination of the witness, and it appears that the court may have been trying to determine whether defense counsel would accept a continuing objection to the testimony so as to avoid the consistent interruptions.

**4. Trust § 20— parol trust—instructions on interest of each party**

The trial court properly instructed the jury that if a parol trust were found to exist the parties would each own a one-fourth interest in the property in question where the evidence supported either a finding that the four parties owned the property in equal shares or that no parol trust existed for plaintiffs.

**5. Trusts § 20— parol trust—foster parent and child—failure to instruct on presumption of gift**

In an action to establish a parol or resulting trust, the trial court did not err in failing to instruct the jury that a presumption of gift existed because plaintiffs were the foster parents of the feme defendant, even if such presumption exists between a foster parent and child, where the court correctly charged that the burden was on plaintiffs to establish the trust by clear, strong and convincing proof, and defendants made no special request for such an instruction.

APPEAL by defendant Norman E. Taylor from *Wood, Judge.* Judgment entered 17 April 1981 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 29 April 1982.

Pearl Saintsing and Gladys Saintsing brought this action on 28 March 1980 alleging partial ownership of the house and lot located at 340 Marmaduke Circle in Asheboro on the theory that defendants held legal title to the property as trustees for all four parties pursuant to either a parol trust or a resulting trust. Pearl and Gladys Saintsing were the foster mothers of the defendant Evelyn L. Taylor, having raised and supported her from her fourth birthday until she married and became self-supporting as a nurse-anesthetist. Evelyn L. Taylor completed her nurse's training and became a nurse anesthetist in October 1956. She and Norman E. Taylor were married 8 December 1956. One child, Norman E. Taylor, II, was born of their marriage on 25 March 1959. Evelyn L. Taylor and Norman E. Taylor were divorced 18 October 1980.

Pearl Saintsing was born 25 March 1907 and was at the time of the trial 74 years old. Gladys Saintsing, her sister, died 11 Jan-

uary 1980 at the age of 78. Pearl Saintsing has never been married. Pearl Saintsing qualified as Administrator of the Estate of Gladys Saintsing on 14 January 1981. By order entered 21 January 1981 pursuant to Rule 25(a), N.C. Rules Civ. Proc., Pearl Saintsing was in her capacity as administrator substituted for Gladys Saintsing as a party plaintiff. On 6 February 1981 Pearl Saintsing, acting as administrator of the estate of Gladys Saintsing, formally adopted the complaint. Pearl Saintsing is the only heir of Gladys Saintsing.

Evelyn L. Taylor filed no answer to the complaint and was not represented by counsel. Plaintiffs elected not to take a default judgment against Evelyn Taylor and proceeded to trial against both defendants.

Plaintiffs' evidence tended to show that Pearl Saintsing was seriously injured in an automobile accident on 29 May 1960. While she was recuperating Norman E. Taylor suggested that she and Gladys Saintsing move into the home where he, Evelyn Taylor and their infant son were then living in Greensboro. When Mr. Taylor wanted to buy a lot and build a house, Pearl Saintsing agreed to sell her home in Lexington and turn the proceeds over to Mr. Taylor to buy the property. The agreement, which Gladys Saintsing and Mrs. Taylor approved, was that Pearl Saintsing would sell her home, give the money to Norman E. Taylor, he in turn would use those funds to purchase a lot and build a house, the Taylors and the Saintsings would live together as a family, the home would belong to all four parties (i.e., Pearl and Gladys Saintsing; Norman E. and Evelyn L. Taylor), title to the property would be held in the name of the Taylors for convenience; and the Saintsings would keep the house and look after the baby while Mr. and Mrs. Taylor worked and contributed to the living expenses of the family. Pearl Saintsing thereupon sold her home in Lexington for four thousand dollars ($4,000.00) and gave the money to Mr. Taylor. Mr. and Mrs. Taylor used the money to buy a lot on Farmington Drive in Greensboro and proceeded to build a house on it. The house was completed and the parties moved into it in January 1961. The Saintsings cared for Eddie Taylor, contributed to the family living expenses and purchased furniture for the new house. In 1963 it was decided to sell the home in Greensboro and move to Asheboro. The house at 340 Marmaduke Circle in Asheboro was acquired subject to the same understand-

ing that, as Pearl Saintsing stated, "It would belong to all four of us in their name." Proceeds from sale of the house in Greensboro were applied to the purchase price of the Asheboro house. In addition approximately six thousand dollars ($6,000.00) of funds received by Pearl Saintsing in settlement of her injury claim were used in making the down payment and the existing loan on the property was assumed. After the parties moved to Asheboro the Saintsings continued caring for Eddie Taylor until he was old enough to care for himself and made substantial contributions to the family's living expenses. About 1967 it was discovered that the house at 340 Marmaduke Circle encroached upon the adjoining lot. As a result a triangular lot having 15 feet of street frontage was purchased from Cleron and Celia Elliott. The deed was dated 29 September 1967 and was made to Mr. and Mrs. Taylor. Gladys Saintsing gave Mr. Taylor Six Hundered Dollars ($600.00) to pay for the extra lot. The Saintsings first learned that Mr. Taylor was taking the position that they had no ownership interest in the property after he and Mrs. Taylor separated. This lawsuit was filed after they learned Mr. Taylor was taking that position.

Norman E. Taylor denied making any agreement to hold title to any of the properties for the benefit of Pearl and Gladys Saintsing and testified that he and Mrs. Taylor supported the Saintsings. By his testimony he contradicted in all material respects the evidence introduced by plaintiffs pertaining to the agreement and circumstances under which the properties in Greensboro and Asheboro were acquired.

The trial court denied defendant Norman Taylor's motion to dismiss at the close of plaintiffs' evidence and his motion for a directed verdict at the close of all the evidence. The jury determined that both a parol and a resulting trust existed and found that Pearl Saintsing and the Estate of Gladys Saintsing each had a 25% undivided interest in the disputed property. From this judgment defendant Norman E. Taylor appealed.

*Haworth, Riggs, Kuhn, Haworth and Miller, by John Haworth for plaintiff-appellees.*

*Ottway Burton for defendant-appellant Norman E. Taylor.*

MARTIN (Robert M.), Judge.

[1]   The defendant Norman Taylor first argues that the trial
court erred in failing to remove plaintiff's attorney. Plaintiff's at-
torney John Haworth had previously represented Evelyn Taylor
in a divorce action against defendant Norman Taylor. Norman
Taylor argues that he was prejudiced by Mr. Haworth's represen-
tation of the plaintiffs in this case and that there was such an "ob-
vious conflict of interest in it that it is obvious even to a layman."
This conflict is not obvious to this Court and defendant cites no
authority in support of it. We agree with the trial judge that
defendant has no standing to complain of a conflict. The plaintiffs
in this case knew of Attorney Haworth's previous representation
of Evelyn Taylor and both Evelyn Taylor and the plaintiffs
agreed to Haworth's representation of plaintiffs in this action.
This assignment of error is without merit.

[2]   The defendant in his second and fourth assignments of error
contends that the trial court erred in refusing to allow him thirty
days to respond to plaintiffs' amended complaint and erred by
allowing into evidence a deed pursuant to this amended com-
plaint. We disagree with defendant.

On 2 April 1981 plaintiffs served on defendant a motion to
amend the complaint. The purpose of the motion was to include in
the complaint allegations of ownership of the pie-shaped lot ad-
joining 340 Marmaduke Circle which had been purchased to
eliminate an encroachment. The motion was filed and heard on 6
April 1981 and the order granting the amendment was entered on
13 April 1981. The defendants could file a responsive pleading on
or before 17 April 1981 or the beginning of the trial, whichever
occurred first.

It is well-settled in North Carolina that leave to amend
should be freely given pursuant to N.C. Gen. Stat. § 1A-1, Rule
15. The burden is on the party objecting to the amendment to
satisfy the trial court that he would be prejudiced thereby. *Ver-
non v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977), *Watson v. Wat-
son*, 49 N.C. App. 58, 270 S.E. 2d 542 (1980). Further the motion to
amend is properly addressed to the discretion of the trial court
who must weigh the motion in light of the attendant cir-
cumstances. *Gladstein v. South Square Assoc.*, 39 N.C. App. 171,
249 S.E. 2d 827 (1978), disc. rev. denied, 296 N.C. 736, 254 S.E. 2d

178 (1979). In this case the defendant did not assert that he was in any way prejudiced because of the amendment or the short time for response. In addition N.C. Gen. Stat. § 1A-1, Rule 15(a) provides specifically that the court can order a response to an amended pleading in more or less than thirty days. We can find no prejudice suffered by defendant and no abuse of discretion on the part of the trial judge in this case. Defendant's assignments of error are therefore overruled.

Defendant asserts in his fifth assignment of error one hundred and one exceptions to the trial Court's evidentiary rulings on the testimony of Pearl Saintsing. Defendant, however, only presents a specific argument and cites authority for Exception No. 50. We therefore deem his other one hundred exceptions to be abandoned pursuant to Rule 28(b)(3), N.C. Rules App. Proc.

[3] The defendant in exception No. 50 contends that the trial court expressed an opinion in violation of Rule 51(a), N.C. Rules Civ. Proc. during the following exchange:

"Did Mr. Taylor make any statement to you about whether he had used any of that money that you had given him in connection with the purchase of the home here in Asheboro, Ms. Saintsing?

MR. BURTON: I OBJECT. She's answered that question.

COURT: OVERRULED. You're going to object to every question, aren't you?

EXCEPTION. THIS IS DEFENDANT NORMAN EDWARD TAYLOR'S EXCEPTION NO. 50.

MR. BURTON: Not every question.

COURT: Just let the record show so that we don't have the interruption that he is objecting to all of these questions.

Generally Rule 51(a), N.C. Rules Civ. Proc., does not apply to the judge's charge alone, but prohibits the trial judge from making comments at any time during the trial which amount to an expression of opinion as to what has or has not been shown by the testimony. *Galloway v. Lawrence*, 266 N.C. 245, 145 S.E. 2d 861 (1966). The trial judge must abstain from conduct or language which tends to discredit or prejudice a litigant or his cause to the jury. *State v. Carter*, 233 N.C. 581, 65 S.E. 2d 9 (1965). The criteria for determining whether the court has deprived a party of his right to a fair trial by improper comments in the hearing of

the jury is the probable effect on the jury. *Worrell v. Hennis Credit Union,* 12 N.C. App. 275, 182 S.E. 2d 874 (1971).

At this point in the trial, defendant's attorney had objected forty-two times during the direct examination of Pearl Saintsing. The court properly could have been trying to determine whether defense counsel would accept a continuing objection to the testimony rather than the consistent interruptions. While the court's remark was somewhat harsh, we cannot say that, standing alone, it was prejudicial. *See State v. Frazier,* 278 N.C. 458, 180 S.E. 2d 128 (1971). Further the trial court gave the following instruction to the jury during the trial and another similar instruction during the charge to the jury:

> I instruct you that the law as indeed it should requires the Presiding Judge to be impartial. You're not to draw any inference from any ruling that I've made or any inflection in my voice or any question that I've asked or any remarks such as I made to Mr. Burton in sustaining an objection to a leading question that I—or of Mr. Haworth or anybody else in this courtroom, or anything else that I may have said or done during this trial that I have an opinion or have intimated an opinion as to whether any part of the evidence should be believed or disbelieved, as to whether any fact has or has not been proved or as to what your findings ought to be. It's your exclusive province to find the true facts of this case and to render a verdict reflecting the truth as you find it when the time comes. I instruct you to completely disregard the remark that I made a few minutes ago or any other remarks or anything else I've done, if my demeanor hasn't been right during the course of this trial or at any time to strike that and not consider that as reflecting on either party in this law suit. All right.

Thus defendant was not prejudiced by the judge's remark. This assignment of error is without merit and is overruled.

[4] Defendant in his fourteenth and twenty-fourth assignments of error asserts that the trial judge erroneously instructed the jury that if a parol trust were found to exist the parties would each own a one-fourth interest in the property. The allegations in plaintiffs' complaint and all of plaintiffs' evidence tends to show that the parties owned the property in equal shares. Pearl Saintsing testified that, " . . . [i]t would be to all four of us, but it would be put in their names for best convenience . . . . I own 1/4

of the property, and Evelyn 1/4 of it. I mean, Gladys a 1/4, Evelyn and Norman 1/4. I think it should be divided equally. We got just as much in it as they have." Evelyn Taylor testified as follows:

> There was never any—really any controversy—any objection because it was said that it would be put in our names because it would be more convenient for us to go get the loan because we were much younger than those two, than Pearl and Gladys were.

> Q. Was there any discussion had about whose property it would be?

> A. Well, this was our home. I mean, it was considered to be all four of our homes.

*    *    *

> It was my understanding—it was understood and agreed upon from all parties that the home would belong to Norman Taylor, Evelyn Taylor, Gladys Saintsing and Pearl Saintsing.

The defendant, on the other hand, denied that the Saintsings had any ownership interest in the disputed property. The evidence presented supported either a finding that the parties owned the property in equal shares or that no parol trust existed for plaintiffs. Thus the court properly followed the rule stated in *Johnson v. Massengill*, 280 N.C. 376, 384, 186 S.E. 2d 168, 174 (1972) that, "[t]he issues to be submitted to the jury are those raised by pleadings and supported by the evidence." Further even if an issue of fact existed concerning the ownership percentages, the defendant waived his objections thereto by failing to demand the submission of that issue to the jury pursuant to Rule 49(c), N.C. Rules Civ. Proc. Thus, these assignments of error are without merit and are overruled.

[5] In defendant's assignments of error numbers seventeen through twenty and twenty-six, he asserts that the trial judge erred in failing to instruct the jury that a presumption of gift existed because the Saintsings were Evelyn Taylor's foster parents. Assuming that such a presumption would exist between a foster parent and child, the defendant never requested such an instruction. Because the trial court correctly charged that the burden is on plaintiffs to establish the trust by clear, strong, and convincing

proof, the failure of the court to charge on the burden of overcoming the presumption of fact that the conveyance was a gift or advancement will not be held prejudicial in the absence of a special request. *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222 (1957); 13 Strong's N.C. Index 3d Trusts § 17 (1978). Thus defendant's assignments of error are without merit and are overruled.

We have carefully examined defendant's fifteenth and twenty-third assignments of error and find them to be totally without merit and overruled. Defendant in his remaining assignments of error asserts no authority for his positions and under Rule 28(b)(3), N.C. Rules App. Proc., his exceptions should be taken as abandoned. Nonetheless we have carefully examined each of these assignments of error and find them to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.