JUDY ANN KEITH, PLAINTIFF v. NORTHERN HOSPITAL DISTRICT OF SURRY COUNTY, D/B/A NORTHERN HOSPITAL OF SURRY COUNTY, DEFENDANT

No. COA97-825

(Filed 5 May 1998)

**Physicians, Surgeons and Other Health Care Professionals § 109 (NCI4th)— medical malpractice—complaint—amendment to add Rule 9(j) certification**

The trial court did not abuse its discretion by denying plaintiff's motion to amend a medical malpractice complaint under N.C.G.S. § 1A-1, Rule 15 to include a missing Rule 9(j) certification.

**KEITH v. NORTHERN HOSP. DIST. OF SURRY COUNTY**

[129 N.C. App. 402 (1998)]

Judge WALKER concurring in the result.

Judge TIMMONS-GOODSON concurring in the result.

Appeal by plaintiff from order filed 7 April 1997 by Judge C. Preston Cornelius in Surry County Superior Court. Heard in the Court of Appeals 17 February 1998.

*White and Crumpler, by Dudley A. Witt, for plaintiff appellant.*

*Tuggle Duggins & Meschan, P.A., by Robert A. Ford and J. Reed Johnston, Jr., for* defendant appellee.

GREENE, Judge.

Judy Ann Keith (plaintiff) appeals from an order of the trial court denying her motion to amend her complaint and dismissing her action against Northern Hospital District of Surry County (defendant).

The facts are as follows: On 5 June 1996, the plaintiff filed a "Motion To Extend the Statute of Limitations" for filing a medical malpractice claim in accordance with Rule 9(j) of the North Carolina Rules of Civil Procedure.[1] The trial court granted the motion and the granting of that motion is not an issue in this appeal. On 4 October 1996, the plaintiff filed a complaint alleging medical malpractice against Kenneth D. Gitt, M.D. (Dr. Gitt), Tom J. Vaughn, M.D. (Dr. Vaughn), Mt. Airy OB-GYN Center, Inc. (Center), and the defendant. The complaint did not include any allegations as required by Rule 9(j) of the Rules of Civil Procedure. The claims against Dr. Gitt, Dr. Vaughn, and the Center were dismissed by the trial court on two grounds: failure to state a claim and failure to comply with Rule 9(j). The plaintiff did not appeal those dismissals. In the defendant's answer it sought dismissal of the complaint on the ground that the plaintiff had not complied with Rule 9(j). On 23 January 1997, the plaintiff sought to amend her complaint to include allegations that

---

1. Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court of the county in which the cause of action arose may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C.G.S. § 1A-1, Rule 9(j) (Supp. 1997).

a "person who [was] reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence" had reviewed her medical care and was willing to testify that the medical care received by the plaintiff "did not comply with the applicable standard of care . . . ."

On 10 March 1997, the plaintiff's motion to amend and the defendant's motion to dismiss came on for hearing before the trial court. The trial court denied the plaintiff's motion to amend and allowed the defendant's motion to dismiss. The dismissal was with prejudice. In its order, the trial court concluded that the plaintiff failed to comply with Rule 9(j) because:

[S]he failed to assert in [her] complaint that the care provided to her had been reviewed by a person who was reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence, and who was willing to testify that the care provided to her did not comply with the applicable standard of care.

The trial court articulated no reason for denying the plaintiff's motion to amend.

The dispositive issue is whether a medical malpractice complaint that fails to include the Rule 9(j) certification can be subsequently amended pursuant to Rule 15 to include the Rule 9(j) certification.

Rule 9(j) of our Rules of Civil Procedure provides that complaints alleging:

[M]edical malpractice by a health care provider as defined in G.S. 90-21.11 . . . shall be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care . . . .

N.C.G.S. § 1A-1, Rule 9(j) (Supp. 1997). This rule is unambiguous in stating that the complaint "shall be dismissed" if the complaint does not include a certification that the medical care at issue has been reviewed by a person "reasonably expected to qualify as an expert" and "who is willing to testify that the medical care [which is the subject of the pleading] did not comply with the applicable standard of care." When the statutory language is "clear and unambiguous, 'there

is no room for judicial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)). It follows, therefore, that because the complaint in this case alleged a claim for medical malpractice against a "health care provider"[2] and did not include the necessary Rule 9(j) certification, the trial court was required to dismiss it.[3]

In so holding we reject the argument of the plaintiff that any Rule 9(j) deficiency in the complaint can be corrected by subsequently amending the complaint, pursuant to Rule 15(a), by adding the Rule 9(j) certification and having that amendment relate back, pursuant to Rule 15(c), to the date of the filing of the complaint.[4] N.C.G.S. § 1A-1, Rule 15 (1990) (providing for amendments to complaints and relation back of new claims). To read Rule 15 in this manner would defeat the objective of Rule 9(j) which, as revealed in the title of the legislation, seeks to avoid the *filing* of frivolous medical malpractice claims. 1995 N.C. Sess. Laws ch. 309 ("Act To Prevent Frivolous Medical Malpractice Actions By . . . Requir[ing] Expert Witness Review As A Condition Of Filing A Medical Malpractice Action"); *State v. Hart*, 287 N.C. 76, 80, 213 S.E.2d 291, 295 (1975) (statutory construction which "defeat[s] or impair[s] the object of the statute must be avoided if that can reasonably be done without violence to the legislative language"). Indeed, as stated well by the defendant in its brief to this Court:

> [P]laintiff's 'file first, review later, relate back' argument would return us to the very situation the legislature expressly sought to

---

2. N.C. Gen. Stat. § 90-21.11 includes hospitals within the definition of a health care provider. N.C.G.S. § 90-21.11 (1997).

3. We note that although Rule 9(j) mandates the dismissal of the pleading, it does not preclude a dismissal without prejudice. Thus the trial court has the discretion to dismiss a complaint that fails to comply with Rule 9(j) without prejudice. N.C.G.S. § 1A-1, Rule 41(b) (1990). "[A]ppellate courts should not disturb the exercise of this discretion unless the challenged action is 'manifestly unsupported by reason.' " *Johnson v. Bollinger*, 86 N.C. App. 1, 9, 356 S.E.2d 378, 383 (1987). "[T]he party whose claim is being dismissed has the burden to convince the court that the party deserves a second chance . . . ." *Id.*

4. We are aware that amendments pursuant to Rule 15 have been allowed to correct other Rule 9 deficiencies, *i.e.*, the failure to allege fraud with particularity (Rule 9(b)), the failure to make a denial of a condition precedent with particularity (Rule 9(c)). *See* 2 James W. Moore et al., *Moore's Federal Practice* § 9.03[4] (3d ed. 1997). It is only Rule 9(j), however, that specifically states that the failure to allege particularities requires dismissal of the pleading.

end, that is, the filing of malpractice actions before the plaintiff had ascertained the existence, in fact, of the expert opinion evidence necessary to establish a breach of the applicable standard of care.

In any event, the plaintiff's Rule 15(c) argument is without merit, as it is only "claims" asserted in the amended complaint that are "deemed to have been interposed at the time the claim in the original pleading was interposed." N.C.G.S. § 1A-1, Rule 15(c). Here the plaintiff does not seek to assert a new claim in its amended pleadings and thus is not permitted to take advantage of the "relation back" doctrine.

The plaintiff further argues that the order of the trial court denying her request to amend her complaint must be reversed because the trial court failed to declare a reason for denying the plaintiff's motion to amend. We disagree. Our courts have held that it is an abuse of discretion to deny leave to amend "without any justifying reason appearing for the denial." *Coffey v. Coffey*, 94 N.C. App. 717, 722, 381 S.E.2d 467, 471 (1989), *disc. review improvidently allowed*, 326 N.C. 586, 391 S.E.2d 40 (1990). A "justifying reason," however, can either be one declared by the trial court or one apparent from the record. *Banner v. Banner*, 86 N.C. App. 397, 400, 358 S.E.2d 110, 111, *disc. review denied*, 320 N.C. 790, 361 S.E.2d 70 (1987), *overruled on other grounds by Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991). "Justifying reasons" include "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice and futility of the amendment." *Coffey*, 94 N.C. App. at 722, 381 S.E.2d at 471. In this case, because the amendment seeking to add the Rule 9(j) certification cannot constitute a compliance with Rule 9(j), its filing would have been futile.

Affirmed.

Judge WALKER concurring in the result with separate opinion.

Judge TIMMONS-GOODSON concurring in the result with separate opinion.

Judge WALKER concurring in the result.

After considering plaintiff's motion for leave to amend, the trial court found "that justice does not require the amendment" under the

facts of this case. Therefore, I conclude there was no abuse of discretion by the trial court.

Judge TIMMONS-GOODSON concurring in the result.

I agree with the majority that the order of the trial court should be affirmed, but for the reasons discussed herein, I cannot agree with the majority's analysis. Particularly, I take issue with the majority's determination that Rule 9(j) precludes amendment of a pleading pursuant to Rule 15 as a matter of law. While the majority insists that it does not decide the relationship between Rule 9(j) and Rule 15 in all instances, the majority begins its analysis by stating, "The dispositive issue is whether a medical malpractice complaint that fails to include the Rule 9(j) certification can be subsequently amended pursuant to Rule 15 to include the Rule 9(j) certification," and a reading of the majority's analysis inherently indicates otherwise.

Rule 15 of our Rules of Civil Procedure permits leave to amend "when justice so requires." *Saintsing v. Taylor*, 57 N.C. App. 467, 471, 291 S.E.2d 880, 883, *disc. review denied*, 306 N.C. 558, 294 S.E.2d 224 (1982). It is well settled that leave to amend should be freely granted, unless some material prejudice is demonstrated. *Id.* Generally, whether to allow a motion to amend a pleading is addressed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse. *Dept. of Transportation v. Bollinger*, 121 N.C. App. 606, 609, 468 S.E.2d 796, 797-98 (1996).

Rule 9 of the Rules of Civil Procedure is entitled "Pleading special matters." Therein, matters which require more than the notice pleading generally accepted in this jurisdiction are listed. *See* N.C.R. Civ. P. 9. For example, legal capacity of any party that is not a natural person to be sued must be affirmatively plead under subsection (a); fraud, duress, or mistake must be plead with particularity under subsection (b); and a denial that a condition precedent has been performed or occurred must be plead with specificity and particularity under subsection (c). N.C.R. Civ. P. 9(a),(b),(c). Each of these subsections use mandatory language, and it is understood that failure to comply with the pleading requirements of Rule 9 may result in a Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted. However, in numerous instances, Rule 15 has acted to save defective Rule 9 pleadings.

We note most pertinently that subsection (j) of Rule 9 requires that a complaint alleging medical malpractice by a health care

provider specifically "assert[] that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]" N.C.R. Civ. P. 9(j)(1). While the majority relies on the language of subsection (j), which provides that a complaint that fails to include such a statement in accordance with 9(j)(1) or (j)(2) "shall be dismissed," we do not agree with the majority that this language is clear and unambiguous. In fact, while it may be true that the General Assembly did promulgate this Act to avoid the filing of frivolous medical malpractice claims, there is no mention by the General Assembly that the Act precludes amendment under Rule 15 to conform with Rule 9(j) or that Rule 9(j) is otherwise exempt from the operation of other Rules of Civil Procedure. It would constitute a grave injustice to preclude as a matter of law such amendment in light of the lack of any direct evidence that the General Assembly intended by the creation of Rule 9(j) to carve out an exception to the equitable powers of the court under Rule 15. The fact, as noted by the majority, that a dismissal pursuant to Rule 9(j) may be granted without prejudice to refile at a later date does little to allay my feelings in this regard.

In concluding that Rule 15 can effectively be used to amend a medical malpractice action under section 90-21.11 of the General Statutes, I do no violence to the legislative language. I merely construe the two Rules in para materia so as to give meaning to both Rule 9(j) and Rule 15 of our Rules of Civil Procedure.

While the trial court in the instant case may have properly denied an amendment of plaintiff's pleadings under Rule 15(c), this Court must anticipate the probability that there may be an instance where amendment under Rule 15 may be granted in order to save an otherwise meritorious malpractice action. Such discretion is best left in the quarter of the trial court. Therefore, I respectfully concur in the result of the majority only.