AUDREY E. ALLEN, Administratrix of the Estate of NATT ALBERT ALLEN, SR., Plaintiff v. CAROLINA PERMANENTE MEDICAL GROUP, P.A., a/k/a Kaiser Permanente and DAN FRANKLIN BURROUGHS, M.D., Defendants

No. COA99-1038

(Filed 1 August 2000)

**1. Medical Malpractice— certification—physician of another speciality—dismissal**

> The trial court did not err in a medical malpractice action by dismissing the compliant pursuant to N.C.G.S. § 1A-1, Rule 41(b) for failure to comply with N.C.G.S. § 1A-1, Rule 9(j) and N.C.G.S. § 8C-1, Rule 702 where plaintiff asserted the language of Rule 9 but the trial court and the Court of Appeals were not convinced

that plaintiff could have reasonably expected her physician to qualify as an expert witness or that his testimony would have been credible in assisting a jury's understanding of whether defendant complied with the applicable standard of care. Defendant is a family practice physician, while the witness is a general surgeon; plaintiff's contentions that the two are similar specialities and that the two doctors had similar work experiences were not convincing.

**2. Civil Procedure— dismissal with prejudice—no motion for amended complaint or voluntary dismissal—argument for involuntary dismissal on appeal—not supported by record**

The record did not support the argument that the trial court abused its discretion in a medical malpractice action by dismissing the complaint with prejudice for failure to provided the required Rule 9 (j) certification. Although the trial court had the discretion to dismiss with or without prejudice, plaintiff never moved to amend her complaint and did not take a voluntary dismissal pursuant to Rule 41(a); the granting of defendants' motion with prejudice thus served as res judicata, barring plaintiff from now arguing that the dismissal should have been without prejudice.

Appeal by plaintiff from an order entered 7 June 1999 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 16 May 2000.

*Perry & Brown, by Sally Metz Keith, for plaintiff-appellant.*

*Moore & Van Allen, P.L.L.C., by Loni S. Caudill, for defendant-appellees.*

HUNTER, Judge.

Plaintiff-appellant Audrey E. Allen, administratrix of the estate of Natt Albert Allen, Sr. ("plaintiff"), appeals the trial court's order dismissing her action with prejudice on the basis that she failed to comply with Rule 9(j) of the N.C. Rules of Civil Procedure by tendering a witness she could not have reasonably expected to qualify as an expert witness under Rule 702 of the N.C. Rules of Evidence. We agree and thus, affirm the trial court's order.

Facts pertinent to this case are that plaintiff's husband, Natt Albert Allen, Sr. ("Mr. Allen") experienced chest pain in three differ-

ent episodes on 1 July 1996. At some time during or just following his third bout of pain, Mr. Allen took two nitroglycerin tablets. After thirty minutes, having obtained no relief, Mr. Allen arrived at Kaiser Permanente's urgent care clinic, sweating and complaining of chest pain and shortness of breath. The treating physician on duty at the time, defendant-appellee Dan Franklin Burroughs, M.D. ("Dr. Burroughs"), worked for defendant-appellee Carolina Permanente Medical Group (collectively with Dr. Burroughs, "defendants"), and was board certified in family practice medicine. Dr. Burroughs examined Mr. Allen, during which time Mr. Allen advised: that he had a history of coronary artery disease, that he had had a cardiac catherization approximately five years before, that he smoked and drank alcohol, and that he had experienced the three pain attacks while on his job "pulling carpet." Dr. Burroughs then administered an EKG to him which results were normal, prescribed medication for Mr. Allen and referred him to a cardiologist. Dr. Burroughs further recorded in Mr. Allen's medical record that at the time of the examination, Mr. Allen was pain-free. Mr. Allen died the next morning.

On 5 June 1998, plaintiff filed her complaint alleging that Mr. Allen's death was

> the foreseeable result of the negligent acts and omissions of Defendants Kaiser and Burroughs.

> [She further alleged that] [i]n the diagnosis, care and treatment, or lack thereof . . . Defendant Burroughs . . . negligently violated the accepted standard of medical care among members of the same healthcare profession with similar training and experience situated in the same or similar communities . . . in failing to comply with the standards of care of the[] profession; in failing to apply [his] knowledge with reasonable diligence; and in failing to use [his] best judgment . . . .

Furthermore as procedurally required under N.C. Gen. Stat. § 1A-1, Rule 9(j), plaintiff specifically pled that Dr. Burrough's medical care of Mr. Allen had been reviewed by general surgeon Dr. B. Michael Smith ("Dr. Smith"), "a person who is reasonably expected to qualify as an expert witness under Rule 702 . . . a person who is willing to testify that said medical care did not comply with the applicable standard of care."

Plaintiff has preserved three assignments of error: (1) that the trial court improperly allowed defendants' motion to dismiss under

**ALLEN v. CAROLINA PERMANENTE MED. GRP., P.A.**

[139 N.C. App. 342 (2000)]

Rules 12(b)(6) and 9(j) of the North Carolina Rules of Civil Procedure and Rule 702 of the North Carolina Rules of Evidence; (2) that the trial court improperly dismissed her complaint under Rule 56 of North Carolina Rules of Civil Procedure; and (3) that the trial court improperly dismissed her complaint pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure for failure to comply with Rule 9(j) and Rule 702. Due to our disposition of this case, we only address plaintiff's last argument.

[1] We begin by noting that our Legislature has taken considerable pains to effect a statute that allows meritorious medical malpractice claims to go forward, while shutting down the engine of frivolous or malicious medical malpractice claims. Our statutes require that:

Any complaint alleging medical malpractice by a health care provider . . . in failing to comply with the applicable standard of care . . . *shall be dismissed UNLESS*:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under [Evidence] Rule 702 . . . and who is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under [Evidence] Rule 702(e) . . . and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (1999) (emphasis added).

Furthermore,

(a) If scientific, technical or other specialized knowledge *will assist the trier of fact to understand the evidence or to determine a fact in issue*, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

(b) In a medical malpractice action . . . a person *shall not give expert testimony* on the appropriate standard of

health care . . . *UNLESS* the person is a licensed health care provider in this State or another state and meets the following criteria:

(1) If the party against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:

a. Specialize in the same specialty as the party against whom or on whose behalf the testimony is offered; or

b. Specialize in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients.

(2) During the year immediately preceding the date of the occurrence that is the basis for the action, the expert witness must have devoted a majority of his or her professional time to either or both of the following:

a. The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered, and if that party is a specialist, the active clinical practice of the same specialty or similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients; or

b. The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered, and if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

(c) Notwithstanding subsection (b) of this section, if the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the action, must have devoted a majority of his or her professional time to either or both of the following:

(1) Active clinical practice as a general practitioner; or

(2) Instruction of students in an accredited health professional school or accredited residency for clinical research program in the general practice of medicine.

N.C.R. Evid. 702(a), (b), (c) (emphasis added).

The plaintiff in *Keith v. Northern Hosp. Dist. of Surry County*, 129 N.C. App. 402, 499 S.E.2d 200 (1998) raised an issue similar to the present plaintiff before this Court. There, the plaintiff alleged medical malpractice in her complaint, but failed to include the required Rule 9(j) certification. Upon defendant's motion to dismiss under Rule 9(j), plaintiff motioned the court to allow her to amend her pleading to include the required certification. The trial court denied plaintiff's motion to amend and allowed defendant's motion to dismiss with prejudice. Upon this Court's review, Judge Edward Greene opined for the Court:

> This rule [N.C. Gen. Stat. § 1A-1, Rule 9(j)] is **unambiguous in stating that the complaint "shall be dismissed"** if the complaint does not include a certification that the medical care at issue has been reviewed by a person "reasonably expected to qualify as an expert" and "who is willing to testify that the medical care [which is the subject of the pleading] did not comply with the applicable standard of care." When the statutory language is "clear and unambiguous, 'there is no room for judicial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)). *It follows, therefore, that because the complaint in this case alleged a claim for medical malpractice* against a "health care provider" *and did not include the necessary Rule 9(j) certification*, **the trial court was required to dismiss it.**

*Id.* at 404-05, 499 S.E.2d at 202 (emphasis added) (footnotes omitted). We are persuaded that *Keith* controls in the present case. Plaintiff here, unlike *Keith's* plaintiff, did assert the proper *language* of Rule 9(j), stating that she had acquired a physician (Dr. Smith) to testify. However, we are unconvinced that she could have "reasonably expected [Dr. Smith] to qualify as an expert witness under Rule 702 of the Rules of Evidence . . . ." N.C. Gen. Stat. § 1A-1, Rule 9(j)(1). Neither are we persuaded plaintiff could have reasonably believed that, even if Dr. Smith had been allowed to testify, his testimony would have been credible in assisting a jury's understanding as to

whether Dr. Burrough's medical care complied with the applicable standard of care. *See also* N.C. Gen. Stat. § 8C-702(a).

We reiterate that statutory law clearly states that where the party against whom expert testimony is offered is a specialist, the expert witness MUST also

> a. *Specialize in the same specialty* . . . ; or
>
> b. Specialize in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients.

(2) During the year immediately preceding the date of the occurrence . . . have devoted a majority of his or her professional time to either or both of the following:

> a. The active clinical practice [in that specialty] . . . ; or
>
> b. The instruction of students [in that specialty] . . . .

N.C. Gen. Stat. § 8C, Rule 702(b)(1), (2) (1999). Furthermore, the statute is even more stringent where the expert testimony is offered against a "general practitioner." In such cases, during the immediately preceding year the expert witness

> must have devoted a majority of his or her professional time to either or both of the following:
>
> (1) Active clinical practice *as a general practitioner*; or
>
> (2) Instruction of students . . . in the general practice of medicine.

N.C. Gen. Stat. § 8C, Rule 702(c)(1), (2) (1999) (emphasis added). Thus, in order for Dr. Smith to qualify—or for plaintiff to reasonably believe that he would qualify as an expert witness in this case, he would necessarily have to have been in the same or similar practice as Dr. Burroughs and have been spending most of his time either seeing patients in that specialty and/or teaching in an accredited health professional school or residency or research program in the same or a similar specialty. We hold that Dr. Smith did not and could not qualify as an expert witness against Dr. Burroughs in this case because family practice is not within the specialty of general surgery.

In order to become licensed in the State of North Carolina, a physician must have at least one year of post graduate training

beyond medical school. However, that year's training need not be specialized. Nevertheless, in order to be certified in family practice, a physician must have completed the specialized residency training for family practitioners—which usually is a three-year post graduate residency. Additionally, physicians in North Carolina must be periodically re-certified, which requires completion of a minimum of 150 hours of continuing medical education every three years.

From the record, it is undisputed that Dr. Burroughs was North Carolina Board certified as a family practitioner and that he had practiced as such for 35 years—including the year prior to and for two years following the incident in question. It is further uncontested that Dr. Smith, plaintiff's proposed expert witness, was a Board certified general surgeon who, for the year prior to the incident in question (which occurred in June 1996) solely practiced in his area of general surgery. We begin by noting that plaintiff does not—and reasonably so—contend that these two areas of medicine are the same. Instead, plaintiff attempts to argue that family practice and general surgery are "similar specialties" within the meaning of North Carolina Rule of Evidence 702. We are unconvinced.

It is plaintiff's contention that regardless of the fact Dr. Burroughs was certified in family practice, because he was working in an Urgent Care facility, he was actually practicing as either a general practitioner or an emergency medicine doctor. Thus, plaintiff argues, Dr. Smith's experience was similar to Dr. Burroughs. However, we do not agree. Addressing first plaintiff's general practitioner argument, we note that in order for Dr. Smith to qualify under Rule 702(c), he must have also been a general practitioner—the rule leaving *no room* for any other "similar specialty." Never once did Dr. Smith purport to be a general practitioner, and; although he agreed that he had not met the requirements for board certification and neither did he complete the training required for a physician to specialize in family practice, Dr. Smith purported to say that he felt qualified to testify on the standard of care for a family physician. Yet in his own deposition, the only practice Dr. Smith admits to having is one of general surgery. He further admits that he has neither met the requirements for nor does he have any expertise in family practice medicine except "[t]o the extent that it's involved in emergency medicine somewhat . . . ."

Furthermore, although Dr. Smith attempts to claim expertise in emergency medicine when he states "I guess you could consider me board eligible in emergency medicine," he later admits that he has

another three (out of five) years to practice emergency medicine before he can even take the Board exam for that specialty. We further note that Dr. Smith had been in emergency room practice only twice in his career, from January 1993 to May or June 1993, and then again in February 1997 until his deposition. Additionally, Dr. Smith admits and plaintiff does not dispute that the only teaching he has done is in training paramedics in an unaccredited school setting—again, this fails to meet the requirements under Rule 702. Thus, the record reveals that Dr. Smith's only feasible expert testimony would have to come from his own specialty as a general surgeon.

We find Dr. Smith's own testimony dispositive as to whether he had the expertise to argue the standard of care applicable to Dr. Burroughs. In his deposition Dr. Smith testified that "[b]ased on what the record says, I think there's a likelihood [Mr. Allen] should have been admitted" to the hospital. However, when questioned as to the care Mr. Allen should have received, Dr. Smith did not know:

Q: If [Mr. Allen] had been admitted to the hospital, what would have happened?

A: I don't know.

Q: You wouldn't have made those treatment decisions?

A: No, ma'am.

Q: So you don't know how he would have been treated?

A: I mean, **I have an opinion as to how he possibly could have been treated, but as far as the way he should have been, again it falls in the expertise out of my field.** I know how most patients like this are treated in the general area where I practice.

(Emphasis added.)

Considering Dr. Smith's deposition alone, it is clear that as an "expert" offering testimony against Dr. Burroughs, Dr. Smith did not meet the requirement that he "[s]pecialize in the same specialty as [Dr. Burroughs]" nor did he "[s]pecialize in a similar specialty which include[d] within it[] . . . the procedure that is the subject of the complaint," as required by Rule 702. N.C. Gen. Stat. § 8C, Rule 702(b)(1). Therefore, we hold that plaintiff could not have reasonably believed that Dr. Smith would qualify as an expert witness in this case, thus

"the trial court was required to dismiss" plaintiff's cause of action. *Keith*, 129 N.C. App. at 405, 499 S.E.2d at 202.

**[2]** Finally, we address plaintiff's oral argument before this Court that the trial court was not obligated to dismiss her cause of action with prejudice, but could have instead dismissed the action without prejudice under N.C. Gen. Stat. § 1A-1, Rule 41(a).

Recently, in *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000), our Supreme Court addressed this very issue. The plaintiffs in that case filed their medical malpractice claim in superior court without the required Rule 9(j) certification. Defendants moved to dismiss for the lack thereof, and plaintiffs subsequently moved to amend their pleadings, or in the alternative, to voluntarily dismiss their complaint without prejudice pursuant to Rule 41(a). The trial court denied plaintiffs' motion to amend and reserved ruling on defendants' motion to dismiss. In the meantime, plaintiffs took their voluntary dismissal under Rule 41(a) and later refiled their claim with the appropriate Rule 9(j) certification. Holding that plaintiffs' voluntary dismissal was proper, the Court opined: "Had the trial court involuntarily dismissed plaintiffs' complaint with prejudice pursuant to defendants' motion *before* plaintiffs had taken the voluntary dismissal, then plaintiffs' claims set forth in the second complaint would be barred . . . . Such was not the case here, however." *Brisson*, 351 N.C. 589, 595, 528 S.E.2d 568, 572 (emphasis in original).

Plaintiff is correct when she says it is within the trial court's discretion whether to dismiss with or without prejudice. However, in the present case, plaintiff never moved to amend her complaint nor did she take a voluntary dismissal pursuant to Rule 41(a). Thus, the granting of defendants' motion to dismiss with prejudice, under the provisions of Rule 9(j), serves as *res judicata*, barring plaintiff from now arguing that her case should have been dismissed without prejudice to her. The record before us does not support an argument that the trial court abused its discretion. Thus, the trial court's judgment is

Affirmed.

Judges GREENE and HORTON concur.