**Adriann MOORE, Plaintiff,**

v.

**PITT COUNTY MEMORIAL HOS-PITAL and The National Red Cross, Defendants.**

**No. 4:00–CV–148–H(3).**

United States District Court,
E.D. North Carolina,
Eastern Division.

Feb. 22, 2001.

W. Dudley Whitley, III, Battle, Winslow, Scott & Wiley, Rocky Mount, NC, W. Darrell Whitley, Denton, NC, for plaintiffs.

C. David Creech, Harris, Shields & Creech, New Bern, NC, Walter G. Merritt, Harris, Shields, Creech & Ward, New Bern, NC, Bradley M. Risinger, Smith, Helms, Mulliss & Moore, Raleigh, NC, for defendants.

### ORDER

MALCOLM J. HOWARD, District Judge.

This case is before the court on Pitt County Memorial Hospital's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to file a medical affidavit under Rule 9(j) of the North Carolina Rules of Civil Procedure. The parties have submitted briefs in support of their positions. This matter is ripe for adjudication.

### STATEMENT OF FACTS

Plaintiff Adriann Moore filed this case in Pitt County Superior Court alleging negligence, *res ipsa loquitur*, and failure to warn against Pitt County Memorial Hospital ("PCMH") and the National American Red Cross ("Red Cross"). The facts allege that on May 8, 1997, plaintiff received a blood transfusion at PCMH with blood obtained from the Red Cross. Plaintiff states that as a result of the transfusion administered at PCMH, she contracted Hepatis C. Red Cross removed this case to federal court on September 19, 2000.

PCMH seeks dismissal of claims asserted against it because plaintiff's complaint failed to assert that "the medical care ha[d] been reviewed by a person who is reasonably expected to qualify as an expert witness" as required by Rule 9(j) of the North Carolina Rules of Civil Procedure for medical malpractice actions.

■ Plaintiff first asserts that the current action does not allege a medical malpractice action because it is asserted against a hospital. The court disagrees. A "medical malpractice action" is defined as a civil action for damages "arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a *health care provider*." N.C. Gen.Stat. § 90–21.11 (emphasis added). Unlike the cause of action asserted against a blood bank in *Doe v. American Nat'l Red Cross*, 798 F.Supp. 301 (E.D.N.C.1992), the North Carolina legislature has specifically included hospitals within the definition of "health care providers." Thus a medical malpractice action may arise between a hospital and patient. *See Keith v. Northern Hosp. Dist.*, 129 N.C.App. 402, 499 S.E.2d 200, 202 (1998) (dismissing lawsuit against hospital as medical malpractice claim failed to include certification under Rule 9(j)); *see also Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 472 S.E.2d 778, 781 (1996)

("The General Assembly ... has treated hospitals and other specified institutional health care providers identically with other health care professionals. Had it intended differential treatment for hospitals in the defense of medical malpractice claims, it could have so provided.").

Plaintiff next asserts that her claims allege ordinary negligence rather than negligence under medical malpractice. The court disagrees. The causes of action asserted against PCMH are negligent performance of professional services and failure to warn. Plaintiff's complaint avers that at the time of the events in question, "reasonable and cost effective methods [were] available to defendant for screening blood supplies for infectious viruses" and that PCMH had a duty to warn her of the dangers associated with the blood transfusion. The screening of blood for infectious viruses falls within the definition of "professional services" under N.C. Gen.Stat. § 90–21.1 because it requires specialized knowledge and skills and resides outside the realm of ordinary negligence identifiable by the average lay person. Similarly, the alleged failure of PCMH to warn plaintiff of the dangers associated with the blood transfusion also requires specialized knowledge of the scope of PCMH's duty to warn.

Plaintiff's complaint alleges medical malpractice claims against PCMH, and she is required to comply with certification requirement of Rule 9(j), which she failed to do.

■ Finally, plaintiff's *res ipsa loquitur* claim fails as a matter of law because plaintiff has not alleged that the instrument that caused her illness, infected bodily fluids, was within PCMH's exclusive control.

## CONCLUSION

For the reasons stated above, plaintiff's failure to assert in her complaint that a medical professional was willing to testify that PCMH's actions were negligent is fatal to her complaint. PCMH's motion to dismiss claims asserted against it by plaintiff is GRANTED. The claims against the National Red Cross remain.