THIGPEN v. NGO

[143 N.C. App. 209 (2001)]

━━━━━━━━

KENDRA J. THIGPEN, PLAINTIFF-APPELLANT v. CORAZON NGO, M.D., MARSHALL B. FRINK, M.D., NATIONAL EMERGENCY SERVICES, INC., EMERGENCY PHYSICIANS ASSOCIATION, INC., CP/NATIONAL, INC. A/K/A COMMUNITY PHYSICIANS/NATIONAL, INC., AND ONSLOW COUNTY HOSPITAL AUTHORITY, DEFENDANT-APPELLEES

No. COA00-409

(Filed 1 May 2001)

**Medical Malpractice— Rule 9(j) certification lacking in original complaint—amended complaint—Rule 15 prevents dismissal**

The trial court erred in a medical malpractice action by dismissing plaintiff's original and amended complaints based on an alleged failure to comply with the certification requirements of N.C.G.S. § 1A-1, Rule 9(j), because: (1) a complaint may be amended under N.C.G.S. § 1A-1, Rule 15 to prevent dismissal for

failure to include Rule 9(j) certification; (2) Rule 9(j) certification that the medical care has been reviewed by a medical expert is merely a pleading requirement and has no effect on plaintiff's burden of proof under N.C.G.S. § 90-21.12; (3) plaintiff's amended complaint with the inclusion of the Rule 9(j) certification must be deemed under Rule 15(c) to have been filed at the time of the original complaint since plaintiff's original complaint includes notice of transactions or occurrences sufficient to allege medical malpractice under N.C.G.S. § 90-21.12; (4) plaintiff's amended complaint is not prevented from relating back under Rule 15(c) since all parties and all claims were the same in both plaintiff's original and amended complaints; (5) an amended complaint certifying that a medical review took place, without more, satisfies the language of Rule 9(j); (6) a plaintiff could not unilaterally extend the time for certification by amending later without the necessity of a showing of good cause when a plaintiff is bound under N.C.G.S. § 1A-1, Rule 11(a) by a duty of good faith when filing a complaint; and (7) the statute of limitations was extended pursuant to Rule 9(j) meaning plaintiff filed her original complaint within the extended statute of limitations.

Judge BIGGS dissenting.

Appeal by plaintiff from order entered 17 November 1999 by Judge Jay D. Hockenbury in Superior Court, Onslow County. Heard in the Court of Appeals 6 February 2001.

*Jimmy F. Gaylor for plaintiff-appellant.*

*Harris, Shields, Creech & Ward, P.A., by C. David Creech and W. Gregory Merritt, for defendant-appellee Corazon Ngo, M.D.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by John D. Madden and Deanna Davis Anderson, for defendant-appellee Onslow County Hospital Authority.*

McGEE, Judge.

Plaintiff appeals the dismissal of her medical malpractice suit as to defendants Corazon Ngo, M.D. (Ngo) and Onslow County Hospital

**THIGPEN v. NGO**

[143 N.C. App. 209 (2001)]

Authority (OCHA) pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 9(j). For the reasons stated below, we reverse the trial court's dismissal.

Plaintiff alleges that defendants committed medical malpractice on 8 June 1996. On 8 June 1999, plaintiff secured an extension of 120 days to the three-year statute of limitations for actions for medical malpractice pursuant to N.C. Gen. Stat. § 1A-1, Rule 9(j). On 6 October 1999, the final day of the extension, plaintiff filed a complaint which lacked the certification required by Rule 9(j). On 12 October 1999, before defendants had filed responsive pleadings, plaintiff amended her complaint as a matter of course pursuant to N.C. Gen. Stat. § 1A-1, Rule 15(a) to include the requisite Rule 9(j) certification.

Defendants Ngo and OCHA moved to dismiss plaintiff's complaint in November 1999 pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 9(j). On 17 November 1999, the trial court dismissed plaintiff's original complaint as to defendants Ngo and OCHA pursuant to Rule 9(j) for lack of certification and dismissed plaintiff's amended complaint as to defendants Ngo and OCHA pursuant to Rule 12(b)(6) insofar as it was barred by the statute of limitations for actions for medical malpractice. Plaintiff appeals the dismissals.

As a preliminary matter, we note that plaintiff has failed to adhere to the N.C. Rules of Appellate Procedure in her brief to this Court. The argument portion of plaintiff's brief does not specify the pertinent assignments of error, as required by N.C.R. App. P. 28(b)(5). At the conclusion of plaintiff's brief, plaintiff's counsel failed to identify himself and sign his name, as required by N.C.R. App. P. 28(b)(7). "The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal." *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984). However, in the interest of justice, we suspend the requirements of N.C.R. App. P. 28(b)(5) and (7) for plaintiff in the present case pursuant to N.C.R. App. 2.

The present case turns on the relationship between N.C. Gen. Stat. § 1A-1, Rule 9(j) and N.C. Gen. Stat. § 1A-1, Rule 15. " 'Legislative intent controls the meaning of a statute.' To determine legislative

intent, a court must analyze the statute as a whole, considering the chosen words themselves, the spirit of the act, and the objectives the statute seeks to accomplish." *Brown v. Flowe*, 349 N.C. 520, 522, 507 S.E.2d 894, 895 (1998) (citations omitted). Rule 9(j) provides:

> Any complaint alleging medical malpractice by a health care provider . . . *shall be dismissed* unless:
>
> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness . . . and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness . . . and who is willing to testify that the medical care did not comply with the applicable standard of care . . . ; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (1999) (emphasis added). Rule 15(a) provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

N.C. Gen. Stat. § 1A-1, Rule 15(a) (1999). At issue is whether a complaint may be amended under Rule 15 to prevent dismissal for failure to include Rule 9(j) certification.

Rule 9 sets out a number of specialized pleading requirements, including rules for averring fraud and for seeking special damages. *See, e.g.*, N.C. Gen. Stat. § 1A-1, Rule 9(b) and (g). Although many of the subsections of Rule 9 include the word "shall" in their directives

to parties filing pleadings, only subsection (j) includes the phrase "shall be dismissed," presumably a directive to the trial court. Since failure to follow the requirements laid out in *any* subsection of Rule 9 entitles an opposing party to dismissal, *see, e.g.*, N.C. Gen. Stat. § 1A-1, Rule 41(b), we must determine whether the General Assembly's use of the specific phrase "shall be dismissed" was intended to preclude amendment to a pleading under Rule 15.

In *Keith v. Northern Hosp. Dist. of Surry County*, 129 N.C. App. 402, 499 S.E.2d 200, *disc. review denied*, 348 N.C. 693, 511 S.E.2d 646 (1998), the judge writing the opinion for the panel concluded that the inclusion of "shall be dismissed" in Rule 9(j) acted to prevent a plaintiff from subsequently amending a complaint under Rule 15 to add the requisite Rule 9(j) certification. However, another judge on the panel disagreed with that reasoning and concluded that the language of Rule 9(j), when read *in pari materia* with Rule 15, allowed correction through amendment. That second judge concurred in the result only, on the basis of the trial court's discretion to deny an amendment under Rule 15. Because the third judge on the *Keith* panel also concurred in the result only, on the basis of discretion under Rule 15, the precedential authority of *Keith* is limited to its holding that the trial court did not abuse its discretion under Rule 15. *See, e.g., State v. Bryant*, 334 N.C. 333, 341, 432 S.E.2d 291, 296 (1993), *vacated on other grounds*, 511 U.S. 1001, 128 L. Ed. 2d 42 (1994). Although portions of the principal opinion in *Keith* were subsequently quoted by and thus incorporated into *Allen v. Carolina Permanente Med. Grp., P.A.*, 139 N.C. App. 342, 533 S.E.2d 812 (2000), *Allen* did not address the application of Rule 15 to Rule 9(j) and therefore holds no precedential value applicable to the case before us.

In *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000), our Supreme Court held that a complaint lacking Rule 9(j) certification may be voluntarily dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) and re-filed within a year with the requisite Rule 9(j) certification, even if the statute of limitations had already expired before the complaint was dismissed. *Brisson* at 595, 528 S.E.2d at 571. However, the Court explicitly declined to address whether amendment of a complaint pursuant to Rule 15 would similarly allow an action to proceed. *Id.* at 593, 528 S.E.2d at 570.

Nonetheless, *Brisson* does assist our analysis of the interaction between Rules 9(j) and 15.

> Rule 41(a)(1) provides that

> an action or any claim therein may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before the plaintiff rests his case. . . . Unless otherwise stated in the notice of dismissal . . . , the dismissal is without prejudice. . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal[.]

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1999). In *Brisson*, noting that "[s]tatutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each[,]" *Bd. of Adjmt. of the Town of Swansboro v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993) (citation omitted), the Supreme Court stated:

> Although Rule 9(j) clearly requires a complainant of a medical malpractice action to attach to the complaint specific verifications regarding an expert witness, the rule does not expressly preclude such complainant's right to utilize a Rule 41(a)(1) voluntary dismissal. Had the legislature intended to prohibit plaintiffs in medical malpractice actions from taking voluntary dismissals where their complaint did not include a Rule 9(j) certification, then it could have made such intention explicit. In this case, the plain language of Rule 9(j) does not give rise to an interpretation depriving plaintiffs of the one-year extension pursuant to their Rule 41(a)(1) voluntary dismissal merely because they failed to attach a Rule 9(j) certification to the original complaint.

*Brisson* at 595, 528 S.E.2d at 571. The question in the case before this Court is whether the plain language of Rule 9(j) gives rise to an interpretation depriving plaintiff of the Rule 15 right to amend a complaint to correct a failure to include a Rule 9(j) certification.

One possible interpretation of Rule 9(j)'s "shall be dismissed" language is that a complaint lacking the necessary Rule 9(j) certification is to be deemed dismissed and therefore a nullity immediately upon its filing with the trial court. Under that interpretation, an attempt to amend such a complaint pursuant to Rule 15 would in fact constitute the filing of a new complaint, possibly after the statute of limitations had expired. However, we find that such an interpretation is not possible under *Brisson*. If the complaint in *Brisson* had been deemed dismissed automatically upon its initial filing, voluntary dismissal under Rule 41(a)(1) would no longer have been available. *See* N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). It therefore follows that a complaint "shall be dismissed" under Rule 9(j) only through action by a trial court.

A second interpretation of "shall be dismissed" might be that a complaint filed without necessary Rule 9(j) certification is to be dismissed upon motion by a defendant, but the complaint cannot be amended by a plaintiff before that motion to dismiss is ruled upon. In other words, "shall be dismissed" would be read to exclude any action upon the complaint *except* dismissal. That interpretation could be reconciled with *Brisson*, insofar as a voluntary dismissal under Rule 41(a)(1) is a form of dismissal. However, such an interpretation of Rule 9(j) would require a legislative intent to permit a voluntary dismissal with a one-year extension to re-file while categorically prohibiting the achievement of any similar effect through immediate amendment.

To correct a lack of Rule 9(j) certification through either a Rule 41(a)(1) voluntary dismissal or a Rule 15 amendment, a plaintiff would have to make an appropriate filing sometime before the trial court involuntarily dismissed the action. A Rule 41(a)(1) voluntary dismissal may be taken without leave of the court and a plaintiff is allowed up to a full year to re-file the complaint. *See* N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). A Rule 15 amendment may only be made as a matter of course once, before an opponent files a responsive pleading, or leave of the court is required to amend, and the amendment would provide a plaintiff no additional time. *See* N.C. Gen. Stat. § 1A-1, Rule 15(a). Defendants argue that a Rule 41(a)(1) voluntary dismissal is distinguishable from a Rule 15 amendment by virtue of

the duty of good faith imposed upon a Rule 41(a)(1) dismissal under *Estrada v. Burnham*, 316 N.C. 318, 341 S.E.2d 538 (1986). In *Estrada*, our Supreme Court held that a complaint filed solely with the intention of dismissing it under Rule 41(a)(1) so as to gain a one-year extension to the statute of limitations violated N.C. Gen. Stat. § 1A-1, Rule 11(a). *See Estrada* at 323, 341 S.E.2d at 542. However, the same Rule 11(a), and thus the same duty of good faith, likewise apply to a complaint filed solely for the purpose of amending it later under Rule 15 in a similar effort to extend the relevant statute of limitations. *See* N.C. Gen. Stat. § 1A-1, Rule 11(a) (1999).

The language of Rule 9(j) does not indicate why the General Assembly would have intended to permit a Rule 41(a)(1) voluntary dismissal to the exclusion of a Rule 15 amendment. " '[T]he absence of any express intent and the strained interpretation necessary to reach the result urged upon us by [defendants] indicate that such was not [the legislature's] intent.' " *Brisson* at 595, 528 S.E.2d at 571 (citation omitted). We conclude that Rule 9(j)'s "shall be dismissed" language does not prevent amendment of a complaint lacking requisite Rule 9(j) certification.

A third interpretation of "shall be dismissed" is simply that a complaint lacking Rule 9(j) certification is to be dismissed by a trial court upon motion by a defendant. As such, Rule 9(j) would be treated no differently than any other subsection of Rule 9. We note that, insofar as subsection (j) is the only subsection of Rule 9 to include the directive "shall be dismissed," " '[t]he presumption is that no part of a statute is mere surplusage, but each provision adds something which would not otherwise be included in its terms.' " *City of Concord v. Duke Power Co.*, 346 N.C. 211, 217, 485 S.E.2d 278, 282 (1997) (citation omitted). However, we also note that subsection (j) is the only subsection of Rule 9 to include multiple alternative mandates. We conclude that the use by the General Assembly of the phrase "shall be dismissed" in Rule 9(j) is adequately explained simply as a choice of grammatical construction.

Defendants assert that, even if Rule 9(j) permitted plaintiff to amend her complaint under Rule 15, the amended complaint cannot be deemed to have been filed before the statute of limitations

expired. Relation back of amendments is governed by subsection (c) of Rule 15:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (1999). In the present case, each claim asserted in the amended complaint was first asserted in the original complaint. *See Hyder v. Dergance*, 76 N.C. App. 317, 332 S.E.2d 713 (1985) ("[A]n amended complaint has the effect of superseding the original complaint."). The principal difference between the original complaint and the amended complaint is the addition of certification pursuant to Rule 9(j) that plaintiff's medical care had been reviewed by a medical expert.

Defendants argue that the medical review required under Rule 9(j) is a transaction or occurrence to be proved pursuant to a claim of medical malpractice and therefore, because plaintiff's original complaint lacked notice of the review, Rule 15(c) prevents the relation back of plaintiff's amended complaint. We disagree with defendants' characterization of the Rule 9(j) medical review. A medical malpractice action, as defined in N.C. Gen. Stat. § 90-21.11 (1999), seeks damages for personal injury or death arising out of professional medical care. The Rule 9(j) certification that the medical care has been reviewed by a medical expert is merely a pleading requirement imposed under the N.C. Rules of Civil Procedure and has no effect on the plaintiff's burden of proof under N.C. Gen. Stat. § 90-21.12 (1999). We therefore conclude that, insofar as plaintiff's original complaint includes notice of transactions or occurrences sufficient to allege medical malpractice under § 90-21.12, plaintiff's amended complaint, Rule 9(j) certification included, must be deemed under Rule 15(c) to have been filed at the time of the original complaint.

Defendants also assert that *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995) prevents plaintiff's amended complaint from relating back under Rule 15(c). In *Crossman*, our Supreme Court con-

sidered an effort to amend a complaint to include an additional defendant after the statute of limitations had expired.

> When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed.

*Crossman* at 187, 459 S.E.2d at 717. In the present case, plaintiff did not seek to add new defendants to her action when she amended her complaint. Because all parties and all claims were the same in both plaintiff's original and amended complaints, the defendants named in the amended complaint had no less notice of the transactions or occurrences to be proved than they received from the original complaint. *Crossman* does not prevent relation back in the present case.

Defendants assert that, even if an amended complaint may relate back to the filing of an original complaint under Rule 9(j), the amended complaint in the present case nonetheless failed to meet the requirements of Rule 9(j) because it did not assert that the requisite medical review actually took place prior to the filing of the original complaint. Defendants point first to the language of Rule 9(j) that "[a]ny complaint alleging medical malpractice . . . shall be dismissed unless . . . [t]he pleading specifically asserts that the medical care has been reviewed[,]" N.C. Gen. Stat. § 1A-1, Rule 9(j), as an indication that such review must take place before the original complaint is filed. However, that language does not mention an original complaint or when the review must occur. Rule 9(j) requires only that certification of the review be included in the complaint. We conclude that an amended complaint certifying that a medical review took place, without more, satisfies that language of Rule 9(j).

Defendants point next to the 120-day extension to the statute of limitations permitted under Rule 9(j):

> Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge . . . may allow a motion to extend the statute of limitations for a period not to

exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j). Defendants argue that allowing subsequent certification and relation back would render the 120-day extension meaningless, since a plaintiff could unilaterally extend the time for certification by amending later without the necessity of any showing of good cause. However, as noted above, a plaintiff is bound by a duty of good faith when filing a complaint. *See* N.C. Gen. Stat. § 1A-1, Rule 11(a). In addition, once a plaintiff has filed a complaint lacking necessary Rule 9(j) certification, a defendant is entitled to move for dismissal, and the plaintiff's action will be dismissed if the plaintiff does not amend the complaint to include certification before the trial court rules on the motion. If the plaintiff has already amended the complaint once, or the defendant has already served a responsive pleading on the plaintiff, the plaintiff may amend the complaint only with leave of the trial court. *See* N.C. Gen. Stat. § 1A-1, Rule 15(a). Because a plaintiff is bound by a duty of good faith, and because a plaintiff's ability to accomplish review and certification after the expiration of the statute of limitations can be effectively limited through action of the defendant, we conclude that relation back pursuant to Rule 15(c) of an amended complaint including only the barest Rule 9(j) certification of review does not render meaningless the Rule 9(j) 120-day extension of the statute of limitations.

Finally, defendants assert that, because plaintiff failed to file a Rule 9(j)-certified complaint within the 120-day extension permitted under Rule 9(j), the purpose of the extension was defeated and the extension should not apply. With no extension, defendants contend that even plaintiff's original, non-certified complaint was filed after the expiration of the statute of limitations and therefore that relation back under Rule 15(c) would not help plaintiff. Defendants cite *Osborne v. Walton*, 110 N.C. App. 850, 431 S.E.2d 496 (1993), in which a plaintiff requested and received a 20-day extension to file a complaint, then filed the complaint more than twenty days later. Our Court held that the extension could not apply to the complaint, and that by the time the complaint was filed the relevant statute of limitations had expired. *See id.* at 854, 431 S.E.2d at 449.

However, Rule 9(j) does not just grant an extension of time to file a Rule 9(j)-certified complaint, *cf.* N.C. Gen. Stat. § 1A-1, Rule 3(a) (1999), it actually extends the underlying statute of limitations. We conclude that the language of Rule 9(j) is not intended to retroactively condition the extension of the statute of limitations upon compliance with the requirement of certification, but instead is intended to guide the resident superior court judge in deciding whether good cause exists to grant the extension. In the present case, the statute of limitations was extended pursuant to Rule 9(j), and plaintiff filed her original complaint within that extended statute of limitations. Under Rule 15, plaintiff was permitted to amend her complaint to bring it into compliance with Rule 9(j). We find no violation of Rule 9(j) or the statute of limitations in the present case.

In summary, we hold that plaintiff was entitled to amend her initial complaint to include the necessary Rule 9(j) certification, and to have the amended complaint relate back to the filing of the initial complaint. In doing so, we reject defendants' contention that the purpose of Rule 9(j) is to act as a gatekeeper at the time of filing a medical malpractice action. After consideration of the language of Rule 9(j), and in light of *Brisson*, we conclude that the intent of the General Assembly was to prevent the filing of frivolous medical malpractice suits by providing defendants with a means for quick dismissal unless appropriate Rule 9(j) review is performed and certified. In the present case, appropriate Rule 9(j) review was performed and certified before the action was dismissed. It follows that the dismissal of plaintiff's action was in error.

We reverse the trial court's dismissals of plaintiff's original and amended complaints.

Reversed.

Judge WYNN concurs.

Judge BIGGS dissents.

**THIGPEN v. NGO**

[143 N.C. App. 209 (2001)]

BIGGS, Judge dissenting.

I respectfully dissent. Assuming I agreed with the majority in this case, that a plaintiff can avail himself of a Rule 15 amendment to cure defective medical malpractice complaints lacking 9(j) certification, the issue presented is whether, on the facts of this case, a denial of Rule 15 relief is an abuse of the trial court's discretion. I believe it is not.

The rules regarding statutory construction are well established.

[J]udicial construction is controlled by the intent of the General Assembly in enacting the statute. 'In seeking to discover this intent, the courts should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish.' All statutes dealing with the same subject matter are to be construed *in pari materia*—i.e., in such a way as to give effect, if possible, to all provisions. Further, where one statute deals with certain subject matter in particular terms and another deals with the same subject matter in more general terms, the particular statute will be viewed as controlling in the particular circumstances absent clear legislative intent to the contrary.

*State ex rel. Utilities Comm. v. Thornburg*, 84 N.C. App. 482, 485, 353 S.E.2d 413, 415 (1987) (citations omitted).

We must first look to the language of the statute. The language used by the legislature in Rule 9(j) is explicit in its mandate that a complaint failing to comply with the directives of the applicable subsections "*shall be dismissed.*" Rule 9(j) (emphasis added). The directive that is of critical concern in this case states that "[a]ny complaint alleging medical malpractice . . . shall be dismissed unless . . . [t]he pleading specifically asserts that the medical care *has been reviewed* by a person who is reasonably expected to qualify as an expert witness." Rule 9(j) (emphasis added). It is clear that the legislature intended to treat 9(j) complaints differently than other special pleadings outlined in Rule 9. While the other subsections use the mandatory language "shall", none other goes so far as to declare that if a complaint fails to comply with the expressed provisions, it "shall be dismissed." Rule 9(j). I can not agree with the majority that the dif-

ference in the wording of 9(j) and other subsections involving special pleadings under Rule 9 is merely grammatical construction. However, nor am I prepared to say that the legislature intended to preclude Rule 15 relief under all circumstances where there is a defective 9(j) complaint. Thus we look to additional evidence of legislative intent for further guidance.

As argued in the Appellee's brief, Subsection (j) of Rule 9 was added by the North Carolina legislature in 1995 pursuant to Chapter 309, House Bill 730 entitled "An Act to Prevent Frivolous Medical Malpractice Actions By Requiring that Expert Witnesses In Medical Malpractice Cases Have Appropriate Qualifications to Testify On the Standard of Care at Issue and to Require Expert Witness Review *As A Condition of Filing A Medical Malpractice Action* (the Act)." The Act of June 20, 1995, ch. 309, 1995 N.C. Sess. Laws 611 (emphasis added). One of the stated purposes of the Act was to attempt to "weed out law suits which are not meritorious *before they are filed.*" Minutes of Hearing on April 19, 1995 before the House Select Committee on Tort Reform, 1995 Session (emphasis added).[1]

Thus, in considering the plain language of 9(j), the name of the Act, and its stated purpose, what appears to be the clear intent of the legislature is that the review by an expert occur *prior* to the filing of the lawsuit. That being the case, to read Rule 9(j) and Rule 15 in *pari materia*, it must be clear that the review by an expert occurred *before* the filing of the original complaint to allow Rule 15 relief to cure a complaint which lacks 9(j) certification. To allow a Rule 15 amendment to cure a 9(j) complaint where the review by the expert occurred after the filing of the lawsuit completely abrogates the express language of the statute and intent of the legislature.

---

1. Minutes not cited as authority, but provide guidance for legislative intent.

In addition, the rules of statutory construction as quoted above provide that, if any conflict or ambiguity results from the comparison of two rules addressing the same subject, the statute that deals with the subject matter with particularity will be viewed as controlling, absent clear legislative intent otherwise. *Thornburg*, 84 N.C. App. at 485, 353 S.E.2d at 415. Rule 9(j) specifically addresses complaints alleging medical malpractice, while Rule 15 is a general provision allowing for amendment to any variety of pleadings, where justice so requires. Accordingly, the specifically tailored mandates of Rule 9(j) must prevail.

Applying these principles to the case *sub judice*, the trial court did not abuse its discretion in dismissing plaintiff's complaint. On 8 June 1999, the very day that the three year statute of limitations was to expire, plaintiff filed a motion to extend the statute of limitations for alleged negligence that occurred 8 June 1996. The motion was allowed and plaintiff's deadline was extended to 6 October 1999 pursuant to 9(j) which states that a trial judge "may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this rule. . . ." Rule 9(j). Thereafter on 6 October 1999, the final date of the extended deadline, plaintiff filed her original complaint without the certification required by Rule 9(j). Plaintiff then filed an amended complaint on 12 October 1999 which stated in Paragraph 19 "[t]hat the Plaintiff's medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence. . . ."

Plaintiff did not allege that the review occurred before the filing of the original complaint on 6 October, nor did she come forward with an affidavit as did the plaintiff in *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 315 N.C. 589, 528 S.E.2d 568 (2000), which stated that the medical care had been reviewed prior to the filing of the original complaint. *Brisson*, 351 N.C. at 592, 528 S.E.2d at 569-70. The record is devoid of any evidence that plaintiff obtained such review prior to filing the lawsuit. The plaintiff in this case appears to be doing precisely what the legislature sought to prevent—the filing of a last minute medical malpractice suit without review by a qualified expert willing to testify in support of plaintiff's claim of negligence. While questions

remain as to whether Rule 15 relief may be used to cure a defective complaint, there appears to be no disagreement over the legislature's intent to prevent the filing of frivolous medical malpractice lawsuits. *See Keith v. Northern Hosp. Dist. of Surry County*, 129 N.C. App. 402, 404-05, 499 S.E.2d 200, 202, *disc. review denied*, 348 N.C. 693, 511 S.E.2d 646 (1998); *Brisson*, 315 N.C. 589, 528 S.E.2d 568 (2000) (court declined to address relationship of Rule 9(j) and Rule 15). The plaintiff in this case is not entitled to further consideration. The trial court properly dismissed her complaint in that it did not comply with Rule 9(j).

While I am not prepared to accept the proposition that Rule 9(j) precludes Rule 15 relief as a matter of law; nor am I prepared to accept the majority's position in the present case that a plaintiff, pursuant to Rule 15, is entitled as a matter of course, to amend a defective 9(j) complaint. Absent legislative intervention to clarify whether it intended to preclude Rule 15 relief in all medical malpractice cases where there is a defective 9(j) complaint, I believe the decision of whether a plaintiff should be granted Rule 15 relief to cure a defective 9(j) complaint should be decided on a case by case basis. Further, I will not second guess the trial court in its exercise of discretion where there is a reasonable basis for its decision.

The trial court did not abuse its discretion in dismissing plaintiff's original complaint for lack of 9(j) certification. Nor did it err in dismissing the plaintiff's amended complaint on the basis that it was filed outside the statute of limitations, and did not relate back to the original filing date pursuant to Rule 15(c).

I would affirm the trial court in this case.